1  **MARTIN D. SINGER, ESQ. (BAR NO. 78166)**
   **WILLIAM J. BRIGGS, II, ESQ. (BAR NO. 144717)**
2  **EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)**
   **LAVELY & SINGER PROFESSIONAL CORPORATION**
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
5  E-mail: wbriggs@lavelysinger.com
   E-mail: espiegel@lavelysinger.com
6
   Attorneys for Plaintiffs
7  **BANK JULIUS BAER & CO. LTD and**
   **JULIUS BAER BANK AND TRUST CO. LTD**
8

9                    **UNITED STATES DISTRICT COURT**

10             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                       **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12  **BANK JULIUS BAER & CO. LTD**, a Swiss entity; and **JULIUS BAER BANK AND TRUST CO. LTD**, a Cayman Islands entity,<br><br>Plaintiffs,<br><br>v.<br><br>**WIKILEAKS**, an entity of unknown form, **WIKILEAKS.ORG**, an entity of unknown form; **DYNADOT, LLC**, a California limited liability corporation, and **DOES 1 through 10**, inclusive,<br><br>Defendants. | CASE NO. CV08-0824 JSW<br>[Hon. Jeffrey S. White; CTRM 2]<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>[Filed Concurrently With: Ex Parte Application for TRO and OSC re Preliminary Injunction; Memorandum of Points & Authorities in Support of Application for TRO and OSC re Preliminary Injunction; Ex Parte Administrative Motion to File Under Seal Selected Evidence Exhibits; Notice of Lodgement; [Proposed] Order to Seal Selected Exhibits; Request for Judicial Notice; [Proposed] TRO and OSC Re Preliminary Injunction]; and [Proposed] Order Granting Preliminary Injunction]<br><br>DATE:  Submission<br>TIME:  Submission<br>CTRM:  2, 17th FL |

28 / / /

**TO THE COURT AND TO ALL PARTIES HEREIN:**

Plaintiffs BANK JULIUS BAER & CO. LTD ("BJB") and JULIUS BAER BANK AND TRUST CO. LTD ("JBBT") (collectively, "Julius Baer" and/or "Plaintiffs") hereby makes this *ex parte* application to the Court for issuance of a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction to stop and enjoin Defendants WIKILEAKS, WIKILEAKS.ORG, DYNADOT, LLC, and DOES 1 through 10 (collectively, "Defendants" ), as set forth in more detail herein, from: (1) posting, publishing, distributing and/or otherwise disseminating or making available, whether directly, indirectly or through providing DNS hosting services, Plaintiffs' confidential and protected bank files, records, data and account information (the "JB Property", as further defined hereinbelow); and (2) from making any use of the JB Property or images of the JB Property or any information contained therein.

This Application is made pursuant to Federal Rule of Civil Procedure 65(b) and Local Rules 7-10 and 65-1, on the grounds that Defendants, and each of them:

- Have possession of hundreds of documents, which rightfully belong to Plaintiffs, which contain stolen or otherwise wrongfully obtained confidential and protected bank files, records, data and account information of Plaintiffs' bank and certain of their customers, as well as altered and/or forged documents purported to originate from or comprise bank records and data of Plaintiffs' bank (collectively, the "JB Property");

- Have, under Wikileaks' owners' and operators' own veil of anonymity, tortiously and illegally posted onto and continue to display or make available on the Wikileaks.org website the JB Property, which is comprised of protected consumer bank files, records, data and account information related to or purported to relate to certain of JBBT's bank customers, all of which are protected by law and/or owned by JBBT

       and/or BJB and have never been authorized to be disclosed to the public;

- Have and are engaged in unlawful and unfair business practices; and
- Have, despite notice to Wikileaks' of the nature of the illegally leaked and posted private bank records and information as to the source of the documents (a disgruntled ex-employee who has engaged in a harassment and terror campaign), that the source is bound by a written confidentiality agreement and various banking privacy laws, and reasonable requests that the identifying information be removed, not only refused to remove the posted stolen documents and data, but has thereafter sought to further capitalize on and exploit its' own tortious and illegal conduct to increase the website's notoriety and traffic.

Plaintiffs have and will continue to suffer irreparable harm should Defendants continue to post, display, disseminate and/or make available the JB Property and/or forgeries thereof, or continue to disclose the contents and information contained within the legally protected confidential JB Property or any other misappropriated, but as of yet, unreleased JB Property, in the United States and throughout the world, on the wikileaks.org website or any other websites owned, controlled and/or operated by Defendants. Defendants' disclosure of the contents and information contained within the JB Property is causing immediate and irreparable harm to Plaintiffs, their reputations and their businesses; and there is a serious risk that they will suffer further irreparable harm absent the injunctive relief sought herein, in that the wrongs that have been and will in the future be performed by Defendants, and each of them, are of a continuing character, and will expose Plaintiffs to a continuing injury as the JB Property is further disseminated and additional Internet users view, visit or otherwise acquire the information posted on the website.

Plaintiffs have never authorized Defendants to possess, use, post, display and/or disseminate the JB Property. Continued posting, display of and/or

dissemination of the JB Property and/or forgeries thereof continue to and further harm Plaintiffs' reputations and their businesses, its' customers' confidence in the bank, its' client/customer banking relationships and could potentially undermine the banks', and all banking institutions', ability to continue to effectively operate, among other harms.  With every day, Defendants continue to display and further disseminate private information found within the JB Property and attempt to further capitalize on and exploit their tortious and illegal conduct to increase their website's notoriety and traffic, furthering the irreparable harm being suffered by Plainitffs.

Accordingly, Plaintiffs respectfully request the issuance of temporary and preliminary injunctive relief enjoining Defendants, and each of them, and their respective agents and employees, from publishing, distributing and/or otherwise disseminating or making available, whether directly, indirectly or through providing DNS hosting services, the JB Property and from making use of the JB Property or images of the JB Property or any information contained therein; and upon a final hearing seek an Order permanently enjoining Defendants, and each of them, and their agents and employees, from publishing, distributing and/or otherwise disseminating the JB Property and from making use of the JB Property or images of the JB Property or any information contained therein. Specifically, Plaintiffs request injunctive relief ordering Defendants and all of their officers, directors, stockholders, owners, agents, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, be enjoined and restrained, including, but not limited to, as follows:

(a) From displaying, posting, publishing, distributing, linking to and/or otherwise providing any information for the access or other dissemination of copies of and/or images of the JB Property (as defined herein) and any information or data contained therein, including on the website operated at wikileaks.org and any other websites under their ownership, control and/or which they can post or edit any content;

      (b)    From any further use, display, post, publication, distribution, linking to and/or otherwise providing any information for the access or other dissemination of copies of and/or images of the JB Property and any information or data contained therein, including on the website operated at wikileaks.org and any other websites under their ownership, control and/or which they can post or edit any content;

      (c)    Requiring Defendants to immediately block and otherwise prevent any further use, display, posting, publication, distribution, linking to and/or other dissemination of copies of and/or images of the JB Property and any other new or additional yet unpublished documents and data that constitute or could reasonably be known to be or considered to constitute JB Property, pending further order of this Court;

      (d)    Requiring Defendants to immediately remove from their wikileaks.org website, and any other websites owned or operated by Defendants or within their control, any and all copies of and/or images of the JB Property and any information or data contained therein;

      (e)    Requiring Defendants to immediately give notice of this Order to all of their DNS hosting services, ISP's, domain registrars, website site developers, website operators and website host service providers, and anyone else responsible or with access to modify the website, and that they are to cease and desist from any further use, display, posting, publication, distribution, linking to and/or other dissemination of copies of and/or images of the JB Property and any information contained therein pending further order of this Court;

      (f)    Requiring Defendant DYNADOT, LLC is to immediately clear and remove all DNS hosting records for the domain name wikileaks.org and prevent the domain name from resolving to the wikileaks.org website, or any other website or server, until proof is submitted to the Court by Defendants, under penalty of perjury, that all JB Property has been removed from the website and any and all

1 links or information for access thereof;

2     (g)    Requiring Defendant DYNADOT, LLC is to lock the domain
3 name wikileaks.org from transfer and lock and prevent any administrative or other
4 access to the domain name by any persons pending further order of this Court; and

5     (h)    Requiring Defendant DYNADOT, LLC is to remove the optional
6 privacy who-is service from the wikileaks.org domain name, preserve the true and
7 correct who-is records and data for the registrant and administrative contacts of the
8 domain name, both current and any and all prior or previously listed who-is records
9 and data associated with the domain name registration and account and payment
10 thereon, and immediately provide Plaintiffs' counsel with a copy of all such who-is
11 records.

12     This Application is further made pursuant to 28 U.S. Code §§ 1332(a) and
13 1391, pursuant to Federal Rule of Civil Procedure rule 65(b), and pursuant to
14 California Business and Professions Code §17200. Plaintiffs seek injunctive relief
15 and damages against Defendants under principles of pendent jurisdiction over any
16 claims arising under California law, in that they flow from a common nucleus of
17 operative facts; and Local Rules 7-10 and 65-1 on the grounds that good cause
18 warrants this court issuing a temporary restraining order and preliminary injunction.

19     Plaintiffs have not previously sought issuance of a Temporary Restraining
20 Order or Order to Show Cause regarding the relief requested above.

21     This Application is based upon this *ex parte* notice, the attached Memorandum
22 of Points and Authorities filed herewith, the Complaint filed in this matter, the
23 Declarations filed concurrently herewith and the exhibits attached thereto, the
24 Request for Judicial Notice and matters of which this Court may take judicial notice,
25 and upon such other oral and/or documentary evidence, if any, that may be
26 presented at the time of or prior to the hearing on this matter.

27     A copy of this Application, the accompanying Memorandum of Points and
28 Authorities, supporting papers and the Summons and Complaint in this action, shall

be sent to Defendants' and/or their legal counsel, as applicable, by e-mail and/or overnight delivery and within one business day after the date of the filling of this Application. See the accompanying declaration of Evan Spiegel ("Spiegel Decl.") ¶3. Plaintiffs are not, as of yet, aware as to whether Defendants will oppose this Application (Id).

DATED: February 7th, 2008

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
WILLIAM J. BRIGGS, II
EVAN N. SPIEGEL

By: _____/s/_____
WILLIAM J. BRIGGS, II
Attorneys for Plaintiffs BANK JULIUS BAER & CO. LTD and JULIUS BAER BANK AND TRUST CO. LTD