**MARTIN D. SINGER, ESQ. (BAR NO. 78166)**
**WILLIAM J. BRIGGS, II, ESQ. (BAR NO. 144717)**
**EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone:  (310) 556-3501
Facsimile: (310) 556-3615
E-mail: wbriggs@lavelysinger.com
E-mail: espiegel@lavelysinger.com

Attorneys for Plaintiffs
**BANK JULIUS BAER & CO. LTD and**
**JULIUS BAER BANK AND TRUST CO. LTD**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **BANK JULIUS BAER & CO. LTD**, a Swiss entity; and **JULIUS BAER BANK AND TRUST CO. LTD**, a Cayman Islands entity,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**WIKILEAKS**, an entity of unknown form, **WIKILEAKS.ORG**, an entity of unknown form; **DYNADOT, LLC**, a California limited liability corporation, and **DOES 1 through 10**, inclusive,<br><br>                    Defendants. | CASE NO. CV08-0824 JSW<br>[Hon. Jeffrey S. White; CRTM 2]<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE PURSUANT TO FRCP RULE 44.1 RE: (1) CAYMAN ISLANDS' CONFIDENTIAL RELATIONSHIPS (PRESERVATION) LAW 16 of 1976; AND (2) SWISS FEDERAL LAW ON BANKS AND SAVINGS BANKS, ARTICLE 47; AND DECLARATIONS OF MAC IMRIE AND CHRISTOPH HIESTAND IN SUPPORT THEREOF**<br><br>[Filed Concurrently With: Ex Parte Application for TRO and OSC re Preliminary Injunction; Memorandum of Points & Authorities in Support of Application for TRO and OSC re Preliminary Injunction; Ex Parte Administrative Motion to File Under Seal; Notice of Lodgement; [Proposed] Order to Seal Selected Exhibits; [Proposed] TRO and OSC Re Preliminary Injunction]; and [Proposed] Order Granting Preliminary Injunction]<br><br>DATE:   Submission<br>TIME:   Submission<br>CTRM: 2, 17th FL |

/ / /                                                                                           / / /

**TO THE COURT AND TO ALL PARTIES HEREIN:**

Plaintiffs BANK JULIUS BAER & CO. LTD ("BJB") and JULIUS BAER BANK AND TRUST CO. LTD ("JBBT") (collectively, "Julius Baer" and/or "Plaintiffs") hereby request that, pursuant to FRCP Rule 44.1, the Court take judicial notice of both Swiss and Cayman Islands Laws concerning privacy, confidentiality and protection of banking records and data and of professional business information, specifically: (i) Cayman Islands' Confidential Relationships (Preservation) Law 16 of 1976, 1995 Revision ("Cayman Islands CRP Law"); and (ii) Article 47 of the Swiss Federal Law on Banks and Savings Banks, of November 8, 1934, language of December 27, 2006, adopted by The Federal Assembly of the Swiss Confederation ("Swiss FLBSB Law").

Attached hereto as <u>Exhibit "A"</u> is a sworn declaration of Mac Imrie, an attorney at law in the Cayman Islands, partner at the international law firm of Maples & Calder and counsel for JBBT; and attached thereto is a true and correct copy of the Cayman Islands CRP Law.

The Cayman Islands CRP Law protects confidentiality of all Cayman Island banking records and data, and broadly provides, in *inter alia*, that it "has application to all confidential information with respect to business of a professional nature which arises in or is brought to the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout." Cayman Islands CRP Law ¶3(1).

Attached hereto as <u>Exhibit "B"</u> is a sworn declaration of Christoph Hiestand, an attorney at law in the nation of Switzerland and the Deputy Group General Counsel for Julius Baer Group, to which Plaintiffs belong; and attached thereto is a true and correct copy of a certified translated copy of the Swiss FLBSB Law.

The Swiss FLBSB Law protects confidentiality of all Swiss banking records and data, and provides, in *inter alia*, that "whoever divulges a secret entrusted to him in his capacity as officer, employee, … or has become aware thereof in this

1  capacity, whoever tries to induce others to violate professional secrecy, shall be
2  punished by imprisonment …" and that the "violation of professional secrecy
3  remains punishable even after termination of the official or employment relationship
4  …" Swiss FLBSB Law, Art. 47.

5      Plaintiffs contend in support of their Application for TRO and OSC re
6  Preliminary Injunction, and anticipate that they will likewise contend at trial, that the
7  solicitation of upload and posting of leaked confidential and protected consumer bank
8  files, records and account information stolen or otherwise wrongfully obtained from
9  a Cayman Islands and/or Swiss bank, and the subsequent use, posting, display
10 and/or dissemination of said documents and information contained therein, was and
11 is wrongful, tortious and illegal under applicable Cayman Islands and Swiss Laws.
12 Accordingly, in support of said allegations and such evidence, Plaintiffs request that
13 the Court take judicial notice of the relevant provisions of Cayman Islands and Swiss
14 Laws. See, *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392 & n.4 (9th Cir.
15 1995).

16     FRCP Rule 44.1 provides as follows:

17         "A party who intends to raise an issue concerning the law of a
18         foreign country shall give notice by pleadings or other reasonable
19         written notice.  The court, in determining foreign law, may
20         consider any relevant material or source, including testimony,
21         whether or not submitted by a party or admissible under the
22         Federal Rules of Evidence.  The court's determination shall be
23         treated as a ruling on a question of law."

24     Although a sworn statement by an attorney (*i.e.*, a formal expert opinion) is
25 not a prerequisite to proving foreign law when an issue concerning the law in a
26 foreign country arises, Plaintiffs have nonetheless provided the Court with sworn
27 statements thereof. *U.S. v. First Nat. Bank of Chicago*, 699, F.2d 341, 343-344 (7th
28 Cir. 1983); and see *Kalmich v. Bruno*, 553 F.2d 549, 555, n. 4 (7th Cir. 1977), *cert*

1  *denied* 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (the court held that an unsworn opinion letter as to the law of Yugoslavia, not subject to cross-examination, which was prepared by plaintiff's Yugoslavian law expert and offered for the first time in connection with plaintiff's motion to alter judgment, was relevant and properly considered by the trial court).  Accordingly, the accompanying foreign laws are properly submitted and should be considered by the Court in this matter.

   For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of the relevant sections of both the Cayman Islands CRP Law and the Swiss FLBSB Law.

DATED: February 7th, 2008

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
WILLIAM J. BRIGGS, II
EVAN N. SPIEGEL

By: _____/s/_____
    WILLIAM J. BRIGGS, II
Attorneys for Plaintiffs BANK JULIUS BAER & CO. LTD and JULIUS BAER BANK AND TRUST CO. LTD

4405-2\Ple\REQ-JUD-NTC 020508
CV08-0824 JSW

4

PLAINTIFFS' REQ. FOR JUDICIAL NOTICE
RE CAYMAN ISLANDS AND SWISS LAWS