1 | **MARTIN D. SINGER, ESQ. (BAR NO. 78166)**
**WILLIAM J. BRIGGS, II, ESQ. (BAR NO. 144717)**
2 | **EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
3 | 2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
4 | Telephone: (310) 556-3501
Facsimile: (310) 556-3615
5 | E-mail: wbriggs@lavelysinger.com
E-mail: espiegel@lavelysinger.com

Attorneys for Plaintiffs
**BANK JULIUS BAER & CO. LTD** and
**JULIUS BAER BANK AND TRUST CO. LTD**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **BANK JULIUS BAER & CO. LTD**, a Swiss entity; and **JULIUS BAER BANK AND TRUST CO. LTD**, a Cayman Islands entity,<br><br>Plaintiffs,<br><br>v.<br><br>**WIKILEAKS**, an entity of unknown form, **WIKILEAKS.ORG**, an entity of unknown form; **DYNADOT, LLC**, a California limited liability corporation, and **DOES 1 through 10**, inclusive,<br><br>Defendants. | CASE NO. CV08-0824 JSW<br>[Hon. Jeffrey S. White; CRTM 2]<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE PURSUANT TO FRCP RULE 44.1 RE: (1) CAYMAN ISLANDS' CONFIDENTIAL RELATIONSHIPS (PRESERVATION) LAW 16 of 1976; AND (2) SWISS FEDERAL LAW ON BANKS AND SAVINGS BANKS, ARTICLE 47; AND DECLARATIONS OF MAC IMRIE AND CHRISTOPH HIESTAND IN SUPPORT THEREOF**<br><br>[Filed Concurrently With: Ex Parte Application for TRO and OSC re Preliminary Injunction; Memorandum of Points & Authorities in Support of Application for TRO and OSC re Preliminary Injunction; Ex Parte Administrative Motion to File Under Seal; Notice of Lodgement; [Proposed] Order to Seal Selected Exhibits; [Proposed] TRO and OSC Re Preliminary Injunction]; and [Proposed] Order Granting Preliminary Injunction]<br><br>DATE: Submission<br>TIME: Submission<br>CTRM: 2, 17th FL |

28 | / / /                                                                                  / / /

**TO THE COURT AND TO ALL PARTIES HEREIN:**

Plaintiffs BANK JULIUS BAER & CO. LTD ("BJB") and JULIUS BAER BANK AND TRUST CO. LTD ("JBBT") (collectively, "Julius Baer" and/or "Plaintiffs") hereby request that, pursuant to FRCP Rule 44.1, the Court take judicial notice of both Swiss and Cayman Islands Laws concerning privacy, confidentiality and protection of banking records and data and of professional business information, specifically: (i) Cayman Islands' Confidential Relationships (Preservation) Law 16 of 1976, 1995 Revision ("Cayman Islands CRP Law"); and (ii) Article 47 of the Swiss Federal Law on Banks and Savings Banks, of November 8, 1934, language of December 27, 2006, adopted by The Federal Assembly of the Swiss Confederation ("Swiss FLBSB Law").

Attached hereto as <u>Exhibit "A"</u> is a sworn declaration of Mac Imrie, an attorney at law in the Cayman Islands, partner at the international law firm of Maples & Calder and counsel for JBBT; and attached thereto is a true and correct copy of the Cayman Islands CRP Law.

The Cayman Islands CRP Law protects confidentiality of all Cayman Island banking records and data, and broadly provides, in *inter alia*, that it "has application to all confidential information with respect to business of a professional nature which arises in or is brought to the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout." Cayman Islands CRP Law ¶3(1).

Attached hereto as <u>Exhibit "B"</u> is a sworn declaration of Christoph Hiestand, an attorney at law in the nation of Switzerland and the Deputy Group General Counsel for Julius Baer Group, to which Plaintiffs belong; and attached thereto is a true and correct copy of a certified translated copy of the Swiss FLBSB Law.

The Swiss FLBSB Law protects confidentiality of all Swiss banking records and data, and provides, in *inter alia*, that "whoever divulges a secret entrusted to him in his capacity as officer, employee, … or has become aware thereof in this

1 capacity, whoever tries to induce others to violate professional secrecy, shall be
2 punished by imprisonment …" and that the "violation of professional secrecy
3 remains punishable even after termination of the official or employment relationship
4 …" Swiss FLBSB Law, Art. 47.

5   Plaintiffs contend in support of their Application for TRO and OSC re
6 Preliminary Injunction, and anticipate that they will likewise contend at trial, that the
7 solicitation of upload and posting of leaked confidential and protected consumer bank
8 files, records and account information stolen or otherwise wrongfully obtained from
9 a Cayman Islands and/or Swiss bank, and the subsequent use, posting, display
10 and/or dissemination of said documents and information contained therein, was and
11 is wrongful, tortious and illegal under applicable Cayman Islands and Swiss Laws.
12 Accordingly, in support of said allegations and such evidence, Plaintiffs request that
13 the Court take judicial notice of the relevant provisions of Cayman Islands and Swiss
14 Laws. See, *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392 & n.4 (9th Cir.
15 1995).

16   FRCP Rule 44.1 provides as follows:
17   "A party who intends to raise an issue concerning the law of a
18   foreign country shall give notice by pleadings or other reasonable
19   written notice.  The court, in determining foreign law, may
20   consider any relevant material or source, including testimony,
21   whether or not submitted by a party or admissible under the
22   Federal Rules of Evidence.  The court's determination shall be
23   treated as a ruling on a question of law."

24   Although a sworn statement by an attorney (*i.e.*, a formal expert opinion) is
25 not a prerequisite to proving foreign law when an issue concerning the law in a
26 foreign country arises, Plaintiffs have nonetheless provided the Court with sworn
27 statements thereof. *U.S. v. First Nat. Bank of Chicago*, 699, F.2d 341, 343-344 (7th
28 Cir. 1983); and see *Kalmich v. Bruno*, 553 F.2d 549, 555, n. 4 (7th Cir. 1977), *cert*

*denied* 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (the court held that an unsworn opinion letter as to the law of Yugoslavia, not subject to cross-examination, which was prepared by plaintiff's Yugoslavian law expert and offered for the first time in connection with plaintiff's motion to alter judgment, was relevant and properly considered by the trial court).  Accordingly, the accompanying foreign laws are properly submitted and should be considered by the Court in this matter.

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of the relevant sections of both the Cayman Islands CRP Law and the Swiss FLBSB Law.

DATED: February 7th, 2008

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
WILLIAM J. BRIGGS, II
EVAN N. SPIEGEL

By:  _____/s/_____
WILLIAM J. BRIGGS, II
Attorneys for Plaintiffs BANK JULIUS BAER & CO. LTD and JULIUS BAER BANK AND TRUST CO. LTD

# EXHIBIT A

## DECLARATION OF MAC IMRIE

I, MAC IMRIE, declare as follows:

1. I am admitted as an attorney at law in the Cayman Islands, having previously practiced in and admitted in New Zealand, Hong Kong and England. I am a partner at the international law firm of Maples & Calder and have extensive experience in, amongst other areas of law, regulatory matters under the laws of the Cayman Islands. My firm and I represent Julius Baer Bank and Trust Co. Ltd, which operates Bank Julius Baer & Co. Ltd's Cayman Island bank branch. I submit this declaration in support of Plaintiffs Bank Julius Baer & Co. LTD's and Julius Baer Bank and Trust Co. Ltd's Request for Judicial Notice in support of their Application for a Temporary Restraining Order and OSC re Preliminary Injunction in the above-captioned matter. I have personal knowledge of the facts recited herein and, if called upon to do so, could and would testify competently thereto.

2. Attached hereto as <u>Exhibit "A"</u> is a true and correct copy of the Cayman Island's Confidential Relationships (Preservation), Law 16 of 1976, 1995 Revision ("CI-CRP Law"), which "has application to all confidential information with respect to business of a professional nature which arises in or is brought to the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout." CI-CRP Law ¶3(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January 2008, at Auckland, ~~Cayman Islands~~. New Zealand.

_____
MAC IMRIE

EXHIBIT A PAGE 5

4405-2\Ple\DECL-MAC IMRIE 012908    1    DECL. OF MAC IMRIE

EXHIBIT A

*Confidential Relationships (Preservation) Law (1995 Revision)*

# CONFIDENTIAL RELATIONSHIPS (PRESERVATION) LAW

## (LAW 16 OF 1976)

### (1995 Revision)

1. This Law may be cited as the Confidential Relationships (Preservation) Law (1995 Revision).     *Short title*

2. In this Law, unless the context otherwise requires-     *Definitions*

"bank", "licensee" and "trust company" have the meanings ascribed to them in the Banks and Trust Companies Law, 1989;     *Law 4 of 1989*

"business of a professional nature" includes the relationship between a professional person and a principal, however the latter may be described;

"confidential information" includes information concerning any property which the recipient thereof is not, otherwise than in the normal course of business, authorised by the principal to divulge;

"criminal" in relation to an offence means an offence contrary to the criminal law of the Islands;

"Governor" means the Governor in Council;

"Inspector" means the Inspector of Financial Services appointed under section 12(1) of the Banks and Trust Companies Law, 1989 and includes any officer of his department acting under his authority;

"normal course of business" means the ordinary and necessary routine involved in the efficient carrying out of the instructions of a principal including compliance with such laws and legal process as arises out of and in connection therewith and the routine exchange of information between licensees;

"principal" means a person who has imparted to another confidential information in the course of the transaction of business of a professional nature;

"professional person" includes a public or government official, a bank, trust company, an attorney-at-law, an accountant, an estate agent, an insurer, a broker and every kind of commercial agent and adviser whether or not answering to the above descriptions and whether or not licensed or authorised to act in that

5

EXHIBIT __A__ PAGE __6__

EXHIBIT A

*Confidential Relationships (Preservation) Law (1995 Revision)*

capacity and every person subordinate to or in the employ or control of such person for the purpose of his professional activities; and

"property" includes every present, contingent and future interest or claim direct or indirect, legal or equitable, positive or negative, in any money, moneys worth, realty or personalty, movable or immovable, rights and securities thereover and all documents and things evidencing or relating thereto.

Application and scope

3. (1) Subject to subsection (2), this Law has application to all confidential information with respect to business of a professional nature which arises in or is brought into the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout.

(2) This Law has no application to the seeking, divulging or obtaining of confidential information-

(a) in compliance with the directions of the Grand Court pursuant to section 4;
(b) by or to-
   (i) any professional person acting in the normal course of business or with the consent, express or implied, of the relevant principal;
   (ii) a constable of the rank of Inspector or above investigating an offence committed or alleged to have been committed within the jurisdiction;
   (iii) a constable of the rank of Inspector or above, specifically authorised by the Governor in that behalf, investigating an offence committed or alleged to have been committed outside the Islands which offence, if committed in the Islands, would be an offence against its laws;
   (iv) the Financial Secretary, the Inspector or, in relation to particular information specified by the Governor, such other person as the Governor may authorise;
   (v) a bank in any proceedings, cause or matter when and to the extent to which it is reasonably necessary for the protection of the bank's interest, either as against its customers or as against third parties in respect of transactions of the bank for, or with, its customer; or
   (vi) the relevant professional person with the approval of the Financial Secretary when necessary for the protection of himself or any other person against crime; or

6



EXHIBIT A PAGE 7

EXHIBIT A

*Confidential Relationships (Preservation) Law (1995 Revision)*

    (c)   in accordance with this or any other Law.

4.  (1) Whenever a person intends or is required to give in evidence in, or in connection with, any proceeding being tried, inquired into or determined by any court, tribunal or other authority (whether within or without the Islands) any confidential information within the meaning of this Law, he shall before so doing apply for directions and any adjournment necessary for that purpose may be granted. <span style="float:right">*Directions regarding the giving in evidence of confidential information*</span>

    (2) Application for directions under subsection (1) shall be made to, and be heard and determined by, a Judge of the Grand Court sitting alone and *in camera*. At least seven days' notice of any such application shall be given to the Attorney-General and, if the Judge so orders, to any person in the Islands who is a party to the proceedings in question. The Attorney-General may appear as *amicus curiae* at the hearing of any such application and any party on whom notice has been served as aforesaid shall be entitled to be heard thereon, either personally or by counsel.

    (3) Upon hearing an application under subsection (2), a Judge shall direct-

        (a)   that the evidence be given;
        (b)   that the evidence shall not be given; or
        (c)   that the evidence be given subject to conditions which he may specify whereby the confidentiality of the information is safeguarded.

    (4) In order to safeguard the confidentiality of a statement, answer or testimony ordered to be given under subsection (3) (c), a Judge may order-

        (a)   divulgence of the statement, answer or testimony to be restricted to certain named persons;
        (b)   evidence to be taken *in camera*; and
        (c)   reference to the names, addresses and descriptions of any particular persons to be by alphabetical letters, numbers or symbols representing such persons the key to which shall be restricted to persons named by him.

    (5) Every person receiving confidential information by operation of subsection (2) is as fully bound by this Law as if such information had been entrusted to him in confidence by a principal.

    (6) In considering what order to make under this section, a Judge shall have regard to-

EXHIBIT A PAGE 8



EXHIBIT A

*Confidential Relationships (Preservation) Law (1995 Revision)*

      (a) whether such order would operate as a denial of the rights of any person in the enforcement of a just claim;

      (b) any offer of compensation or indemnity made to any person desiring to enforce a claim by any person having an interest in the preservation of secrecy under this Law; and

      (c) in any criminal case, the requirements of the interests of justice.

(7) In this section, unless the context otherwise requires-

*Law 13 of 1978*

"court" bears the meaning ascribed to it in section 2 of the Evidence Law;

"given in evidence" and its cognates means make a statement, answer an interrogatory or testify during or for the purposes of any proceeding; and

"proceeding" means any court proceeding, civil or criminal and includes a preliminary or interlocutory matter leading to or arising out of a proceeding.

*Offences and penalties*

5. (1) Subject to section 3(2), whoever-

      (a) being in possession of confidential information however obtained-
          (i) divulges it; or
          (ii) attempts, offers or threatens to divulge it; or
      (b) wilfully obtains or attempts to obtain confidential information,

is guilty of an offence and liable on summary conviction to a fine of five thousand dollars and to imprisonment for two years.

(2) Whoever commits an offence under subsection (1) and receives or solicits on behalf of himself or another any reward for so doing is liable to double the penalty therein prescribed and to a further fine equal to the reward received and also to forfeiture of the reward.

(3) Whoever, being in possession of confidential information, clandestinely, or without the consent of the principal, makes use thereof for the benefit of himself or another, is guilty of an offence and liable on summary conviction to the penalty prescribed in subsection (2), and for that purpose any profit accruing to any person out of any relevant transaction shall be regarded as a reward.

(4) Whoever being a professional person, entrusted as such with confidential information, the subject of the offence, commits an offence under subsection (1), (2) or (3) is liable to double the penalty therein prescribed.

8



EXHIBIT A PAGE 9

EXHIBIT A

*Confidential Relationships (Preservation) Law (1995 Revision)*

(5) Fore the removal of doubt it is declared that, subject to section 3(2), a bank which gives a credit reference in respect of a customer without first receiving the authorisation of that customer is guilty of an offence under subsections (1) and (4).

6. The Governor may make regulations for the administration of this Law.   Regulations

7. No prosecution shall be instituted under this Law without the consent of the Attorney-General.   Attorney-General's fiat

Publication in consolidated and revised form authorised by the Governor in Council this 7th day of February, 1995.

Carmena H. Parsons
Acting Clerk of Executive Council

9

EXHIBIT A PAGE 10



EXHIBIT A

# EXHIBIT B

# DECLARATION OF CHRISTOPH HIESTAND

I, CHRISTOPH HIESTAND, declare as follows:

1. I am admitted as an attorney at law in the nation of Switzerland and I am the Deputy Group General Counsel for Julius Baer Group, to which plaintiffs Bank Julius Baer & Co. Ltd and Julius Baer Bank and Trust Co. Ltd belong (collectively, "Plaintiffs"). I have extensive experience in, amongst other areas of law, regulatory matters under the laws of Switzerland. I submit this declaration in support of Plaintiffs Request for Judicial Notice in support of their Application for a Temporary Restraining Order and OSC re Preliminary Injunction in the above-captioned matter. I have personal knowledge of the facts recited herein and, if called upon to do so, could and would testify competently thereto.

2. Attached hereto as Exhibit "A" is a true and correct copy of a certified English translation of Article 47 of the Swiss Federal Law on Banks and Savings Banks, of November 8, 1934, language of December 27, 2006, adopted by The Federal Assembly of the Swiss Confederation ("Swiss FLBSB Law"), which protects confidentiality of all Swiss bank banking records and data, and provides, in *inter alia*, that "whoever divulges a secret entrusted to him in his capacity as officer, employee, ... or has become aware thereof in this capacity, whoever tries to induce others to violate professional secrecy, shall be punished by imprisonment ..." and that the "violation of professional secrecy remains punishable even after termination of the official or employment relationship ..." Swiss FLBSB Law, Art. 47.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31 day of January 2008, at Zurich, Switzerland.

_____
CHRISTOPH HIESTAND

4405-2\Ple\DECL-Christoph Heistand 012908          1          DECL. OF CRISTOPH HEISTAND




EXHIBIT B

EXHIBIT B PAGE 11

CERTIFICATE OF ACCURACY

I, Genevieve Light of TransPerfect Translations, Inc. do hereby declare that the following are to the best of my knowledge and belief, within the given parameters, a true and accurate translation of the document *Federal Law on Banks and Savings Banks, Article 47*, translated from French into English.

A copy of the final translation is attached.

I so declare under penalty of perjury under the laws of the State of California on this 24th day of January, 2008.

*Genevieve Light* (signature)

Genevieve Light
TransPerfect Translations, Inc.

952.0

# FEDERAL LAW ON BANKS AND SAVINGS BANKS
## (Law on banks, LB)[1]

of November 8, 1934 (Language of December 27, 2006)

---

*The Federal Assembly of the Swiss Confederation*,
pursuant to Articles $34^{ter}$, 64 and $64^{bis}$ of the Constitution[2],
after examination of the message of the Federal Council of February 2, 1934[3],

*resolves:*

---

[1] New language according to Ch. I of LF of April 22, 1999, in force since Oct. 1, 1999 (RO **1999** 2405 2408; FF **1998** 3349).
[2] [RS **1** 3; RO **1976** 2001]
[3] FF **1934** I 172

EXHIBIT B PAGE 13

EXHIBIT B PAGE 14

Art. 47[124]

1.[125] Any person who, in his capacity as officer, employee, representative or liquidator of a bank, person in charge to investigate or delegate to restructuring appointed by the Banking Commission, or officer or employee of a recognized auditing company, discloses a secret entrusted to him or of which he has become aware thereof in this capacity,

any person who tries to induce others to violate professional secrecy,

shall be punished by imprisonment for not more than six months or by a fine of not more than SFr. 50,000.

2. If the offender acted negligently, the penalty shall be a fine not exceeding SFr. 30,000.

3. The violation of professional secrecy remains punishable even after the termination of the employment relationship or if the holder of the secret no longer practices his profession.

4. Still applicable are the Federal and Cantonal regulations concerning the obligation to provide information to the authorities and testify in court.

---

[124] New language according to Ch. I of LF of March 11, 1971, in force since July 1, 1971 (RO **1971** 808 825 art. 1; FF **1970** I 1157).
[125] New language according to Ch. I of LF of Oct. 3, 2003, in force since July 1, 2004 (RO **2004** 2767 2776; FF **2002** 7476).

**Loi fédérale**                                                     **952.0**
**sur les banques et les caisses d'épargne**
(Loi sur les banques, LB)[1]

du 8 novembre 1934 (Etat le 27  décembre 2006)

*L'Assemblée fédérale de la Confédération suisse,*
vu les art. 34[ter], 64 et 64[bis] de la constitution[2],
vu le message du Conseil fédéral du 2 février 1934[3],
*arrête:*

### Chapitre I  Champ d'application de la loi

**Art. 1**[4]

[1] La présente loi régit les banques, les banquiers privés (raisons individuelles, sociétés en nom collectif et sociétés en commandite) et les caisses d'épargne. Toutes ces entreprises sont désignées ci-après sous le nom de banques.

[2] Les personnes physiques ou morales qui ne sont pas assujetties à la présente loi ne peuvent accepter des dépôts du public à titre professionnel. Le Conseil fédéral peut prévoir des exceptions si la protection des déposants est garantie. L'émission d'emprunts n'est pas considérée comme acceptation de dépôts du public à titre professionnel.[5]

[3] La présente loi ne s'applique notamment pas:

    a. aux agents de change et aux maisons de bourse qui se bornent à négocier les valeurs mobilières et à effectuer les opérations qui s'y rapportent directement, sans exercer d'activité bancaire;

    b. aux gérants de fortune, aux notaires et aux agents d'affaires qui se bornent à administrer les fonds de leurs clients sans exercer d'activité bancaire.

[4] Seuls les établissements qui ont reçu une autorisation de la Commission fédérale des banques (dénommée ci-après «Commission des banques») en tant que banques peuvent faire figurer le terme de «banque» ou de «banquier» dans leur raison sociale

---

RO 51 121 et RS 10 325
[1] Nouvelle teneur selon le ch. I de la LF du 22 avril 1999, en vigueur depuis le 1er oct. 1999 (RO 1999 2405 2408; FF 1998 3349).
[2] [RS 1 3; RO 1976 2001]
[3] FF 1934 I 172
[4] Nouvelle teneur selon le ch. I de la LF du 11 mars 1971, en vigueur depuis le 1er juillet 1971 (RO 1971 808 825 art. 1 ; FF 1970 I 1157).
[5] Nouvelle teneur selon le ch. I de la LF du 18 mars 1994, en vigueur depuis le 1er fév. 1995 (RO 1995 246 252; FF 1993 I 757). Voir aussi les disp. fin. de cette modification, à la fin du présent texte.

1

EXHIBIT B PAGE 15

Banques et caisses d'épargne – LF 952.0

d. aura indûment utilisé, dans sa raison sociale, dans la désignation du but social ou dans sa publicité, le terme de «banque», de «banquier» ou d'«épargne»;
e. aura fait une publicité trompeuse ou se sera prévalu du siège suisse de la banque ou d'institutions suisses pour faire une publicité abusive;
f.[121] aura indûment accepté des dépôts du public ou des dépôts d'épargne;
g. aura constitué un nouveau droit de gage sur nantissement ou placé ce gage en report, contrairement aux dispositions de l'art. 17;
h. ...[122]
i.[123] aura donné de faux renseignements à la Commission des banques ou à l'organe de révision;
k. aura, en exécutant le contrôle ou en établissant le rapport y afférent, violé de manière grossière les obligations que la présente loi ou les dispositions d'exécution lui assignent en qualité d'organe de révision agréé, et aura en particulier fourni dans le rapport de révision de fausses indications ou dissimulé des faits importants ou encore omis d'adresser à la banque ayant fait l'objet de la révision le rappel prescrit par la loi ou d'établir le rapport qu'il doit présenter à la Commission des banques;
l. n'aura pas dûment tenu les livres ni conservé les livres et les pièces justificatives conformément aux prescriptions;

sera puni de l'emprisonnement pour six mois au plus ou de l'amende jusqu'à concurrence de 50 000 francs.

² Si le délinquant a agi par négligence, la peine sera l'amende jusqu'à concurrence de 30 000 francs.

**Art. 47**[124]

1.[125] Celui qui en sa qualité de membre d'un organe, d'employé, de mandataire ou de liquidateur de la banque, de chargé d'enquête ou de délégué à l'assainissement nommé par la Commission des banques, ou encore de membre d'un organe ou d'employé d'une institution de révision agréée, aura révélé un secret à lui confié ou dont il avait eu connaissance à raison de sa charge ou de son emploi,

celui qui aura incité autrui à violer le secret professionnel,

---

[121] Nouvelle teneur selon le ch. I de la LF du 18 mars 1994, en vigueur depuis le 1er fév. 1995 (RO **1995** 246 252; FF **1993** I 757).
[122] Abrogée par le ch. II 5 de l'annexe à la loi du 3 oct. 2003 sur la Banque nationale, avec effet au 1er mai 2004 (RS **951.11**).
[123] Nouvelle teneur selon le ch. II 5 de l'annexe à la loi du 3 oct. 2003 sur la Banque nationale, en vigueur depuis le 1er mai 2004 (RS **951.11**).
[124] Nouvelle teneur selon le ch. I de la LF du 11 mars 1971, en vigueur depuis le 1er juillet 1971 (RO **1971** 808 825 art. 1; FF **1970** I 1157).
[125] Nouvelle teneur selon le ch. I de la LF du 3 oct. 2003, en vigueur depuis le 1er juillet 2004 (RO **2004** 2767 2776; FF **2002** 7476).

EXHIBIT B PAGE 16

| 952.0 | Crédit |
|---|---|

sera puni de l'emprisonnement pour six mois au plus ou d'une amende de 50 000 francs au plus.

2. Si le délinquant a agi par négligence, la peine sera l'amende jusqu'à concurrence de 30 000 francs.

3. La violation du secret demeure punissable alors même que la charge ou l'emploi a pris fin ou que le détenteur du secret n'exerce plus sa profession.

4. Sont réservées les dispositions de la législation fédérale et cantonale statuant l'obligation de renseigner l'autorité et de témoigner en justice.

**Art. 48**[126]

Celui qui, en produisant ou en répandant des allégations qu'il savait fausses, aura porté atteinte au crédit d'une banque ou des centrales d'émission de lettres de gage, ou encore l'aura compromis, sera puni, sur plainte, de l'emprisonnement ou de l'amende.

**Art. 49**[127]

[1] Celui qui, intentionnellement:

  a. n'aura pas établi ou publié les comptes annuels ou les bilans intermédiaires conformément aux prescriptions de l'art. 6;
  b. n'aura pas soumis ses comptes annuels au contrôle de l'organe de révision agréé ou aura omis de faire procéder à la révision exigée par la Commission des banques;
  c. n'aura pas rempli ses obligations envers l'organe de révision;
  d. n'aura pas obtempéré à une injonction de la Commission des banques l'invitant à rétablir l'ordre légal et à supprimer les irrégularités;
  e.[128] aura omis de fournir à la Commission des banques les informations qu'il était tenu de lui communiquer;
  f. aura remboursé des parts sociales à l'encontre des dispositions de l'art. 12;

sera puni des arrêts ou de l'amende jusqu'à concurrence de 20 000 francs.

[2] Si l'auteur a agi par négligence, la peine sera l'amende jusqu'à concurrence de 10 000 francs.

---

[126] Nouvelle teneur selon le ch. II 5 de l'annexe à la loi du 3 oct. 2003 sur la Banque nationale, en vigueur depuis le 1er mai 2004 (RS **951.11**).
[127] Nouvelle teneur selon le ch. I de la LF du 11 mars 1971, en vigueur depuis le 1er juillet 1971 (RO **1971** 808 825 art. 1; FF **1970** I 1157).
[128] Nouvelle teneur selon le ch. II 5 de l'annexe à la loi du 3 oct. 2003 sur la Banque nationale, en vigueur depuis le 1er mai 2004 (RS **951.11**).

30

EXHIBIT B PAGE 17