1  MARTIN D. SINGER, ESQ. (BAR NO. 78166)
   WILLIAM J. BRIGGS, II, ESQ. (BAR NO. 144717)
2  EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)
   LAVELY & SINGER PROFESSIONAL CORPORATION
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone:  (310) 556-3501
   Facsimile: (310) 556-3615
5  E-mail: wbriggs@lavelysinger.com
   E-mail: espiegel@lavelysinger.com

Attorneys for Plaintiffs
BANK JULIUS BAER & CO. LTD and
JULIUS BAER BANK AND TRUST CO. LTD

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **BANK JULIUS BAER & CO. LTD**, a Swiss entity; and **JULIUS BAER BANK AND TRUST CO. LTD**, a Cayman Islands entity,<br><br>Plaintiffs,<br><br>v.<br><br>**WIKILEAKS**, an entity of unknown form, **WIKILEAKS.ORG**, an entity of unknown form; **DYNADOT, LLC**, a California limited liability corporation, and **DOES 1 through 10**, inclusive,<br><br>Defendants. | CASE NO. CV08-0824 JSW<br>[Hon. Jeffrey S. White]<br><br>**PLAINTIFFS' EX PARTE ADMINISTRATIVE MOTION TO FILE UNDER SEAL SELECTED EVIDENCE EXHIBITS LODGED TO SUPPORT PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; AND DECLARATION OF WILLIAM J. BRIGGS IN SUPPORT THEREOF**<br><br>**[PURSUANT TO L.R. 7-11 AND 79-5]**<br><br>[Filed Concurrently With: Ex Parte Application for TRO and OSC re Preliminary Injunction; Memorandum of Points & Authorities in Support of Application for TRO and OSC re Preliminary Injunction; Notice of Lodgement; [Proposed] Order to Seal Selected Exhibits; Request for Judicial Notice; [Proposed] TRO and OSC Re Preliminary Injunction]; and [Proposed] Order Granting Preliminary Injunction]<br><br>DATE:   Submission<br>TIME:    Submission<br>CTRM:  2, 17th FL |

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## INTRODUCTION & SUMMARY

Plaintiffs Bank Julius Baer & Co. Ltd ("Bjb") and Julius Baer Bank and Trust Co. Ltd ("JBBT") (collectively, "Plaintiffs") hereby respectively make this *Ex Parte* Administrative Motion to File Under Seal selected evidence exhibits filed in support of Plaintiffs' Application for TRO and OSC re Preliminary Injunction (the "TRO Application") pursuant to Civil L.R. 7-11 and L.R. 79-5 (a) and (b), and to permanently seal the hereinbelow described documents.

Plaintiffs contend that Defendants WIKILEAKS and WIKILEAKS.ORG and their owners and operators (collectively, "Wikileaks"), and through its agent DYNADOT, LLC, are wrongfully posting, publishing, distributing, and/or otherwise disseminating, making available and/or making use of Plaintiffs' private, confidential bank files, records, data and account information (the "JB Property"). The JB Property is protected by federal law, the California Constitution, and the banking and privacy laws of Switzerland and the Cayman Islands, where the related bank records and documents were unlawfully obtained.

Plaintiffs have lodged herewith, and request an order to file under seal, portions of the following JB Property and documents as Exhibits "A" through "O": (i) print-outs of each of the Wikileaks website pages at which the documents that comprise the JB Property are described and made available for download in "zip" files, and under each of those respective printouts; (ii) screen-prints which show the index/list of files and folders of the individual "zip" files, and under each of those respective printouts; (iii) selected sample copies of one or two JB Property documents extracted from each of the "zip" files (of the approximately six-hundred and ninety documents; and many thousands of pages) downloaded from Wikileaks.

Plaintiffs submit these confidential, protected documents to the Court in conjunction with Plaintiffs' TRO Application so that the Court may review portions

of the JB Property, verify the substance therein and that it is protected bank records and information, and grant the requested restraining order (and subsequent injunction) against Defendants. Due to Defendants' wrongful acts, Plaintiff is in the unusual position of having to lodge these protected confidential documents so that the Court can thereby identify and confirm their confidential nature for evaluating Plaintiffs' TRO Application and issuing orders thereon. Requiring Plaintiff to file the documents without an order sealing them would put Plaintiff in a Catch-22 of having to file the documents in public court files in order to obtain an injunction against Defendants to prevent their public dissemination. To allow any of the JB Property to remain in the public record would defeat the purpose of the foreign and domestic privacy laws, as well as the possible TRO and Preliminary Injunction.

The JB Property is submitted conditionally under seal in conformance with Northern District L.R/ 79.5, and; pursuant to L.R. 7-11, this Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.

## II.
## LEGAL ARGUMENT

**A.   This Court has the Inherent Power to Seal the JB Property in the File.**

Every court has inherent, supervisory power over its own records and files. See *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312 (1978). Indeed, even where a right of public access exists, access may be denied where the court determines that court-filed documents may be used for improper purposes, such as "to gratify private spite or promote public scandal." *Id.*

The Court's ability to seal documents is specifically recognized in Local Rule 79-5. Local Rule 79-5 provides that the Court may issue a sealing order upon a request that establishes that documents are entitled to protection under the law ("sealable") and that the request is narrowly tailored to seal only sealable documents/information.

B. **The JB Property Consists of Information Protected by Federal Law, the California Constitution, and the Foreign Laws of the Jurisdictions Where the Banks are Located and the Records Originated.**

Privacy is a value so fundamental to American society that it is protected by both the United Stated Constitution (implicitly) and the California Constitution (explicitly). See Cal. Const. Art. I, §1. (identifying privacy as among the people's "inalienable rights"). The constitutional provisions create a zone of privacy that protects against unwarranted disclosure of private information. See *Britt v. Sup. Ct.*, 20 Cal.3d 844, 855-856, 143 Cal.Rptr. 695(1978).

Specifically in regard to bank records, Congress has expressly identified a "Right to Financial Privacy" pertaining to individual's bank records by enacting Title 12, Ch. 35 of the United States Code. Chapter 35 specifically recognizes the confidential nature of records relating to every financial institutions' relationship with its customers, including "all information known to have been derived therefrom." 12 USCA §3401(2).

Additionally, California's Supreme Court has specifically and long recognized that individuals have a protected right of privacy in their bank records. See. *Valley Bank of Nevada v. Sup.Ct.*, 15 Cal.3d 652, 656-657 (1975); *Burrows v. Sup.Ct.*, 13 Cal.3d 238, 118 Cal.Rptr. 166 (1974). Indeed, California's Supreme Court has prohibited the disclosure of individuals' bank records without a court weighing multiple factors relating to the purpose of the information sought, the effect of the disclosure on the parties and on a trial, the nature of the objections urged by the party resisting disclosure, and the ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances. *Valley Bank*, at 656-657.

Plaintiffs' privacy rights in their bank records at issue in this matter are also protected by foreign statutes in the jurisdictions where their bank accounts are

located. Plaintiffs have requested that, pursuant to FRCP 44.1 (through Plaintiffs' contemporaneously filed Request for Judicial Notice), the Court take judicial notice of the applicable Swiss and Cayman Islands banking and privacy laws.

Cayman Islands Confidential Relationships (Preservation) Law 16 of 1976, 1995 Revision ("Cayman Islands CRP Law") protects confidentiality of all Cayman Islands banking records and data, and broadly provides, *inter alia*, that it "has application to all confidential information with respect to business of a professional nature which arises in or is brought to the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout." Cayman Islands CRP Law ¶3(1).

Similarly, Article 47 of the Swiss Federal Law on Banks and Savings Banks, of November 8, 1934, language of December 27, 2006 ("Swiss FLBSB"), protects the confidentiality of all Swiss banking records and data, and provides, *inter alia*, that "whoever divulges a secret entrusted to him in his capacity as officer, employee, … or has become aware thereof in this capacity, whoever tries to induce others to violate professional secrecy, shall be punished by imprisonment …" and that the "violation of professional secrecy remains punishable even after termination of the official or employment relationship …" Swiss FLBSB, Art. 47.

Plaintiffs contend that the dissemination of confidential protected consumer bank files, records and account information wrongfully obtained from a Cayman Islands and/or Swiss bank, and the subsequent use, posting, display and/or dissemination of said documents and information contained therein is wrongful, tortious, and illegal under U.S., California, Cayman Islands, and Swiss laws.

Defendants had no lawful or legitimate reason for disseminating the JB Property or posting it on the internet. Indeed, Wikileaks' <u>only</u> conceivable purposes for inducing the disclosure of and thereafter disseminating Plaintiffs' client bank records and identifying information was to harass, embarrass, and annoy Plaintiffs, or otherwise capitalize and exploit the information to increase the notoriety and

1  traffic to Wikileaks' website. Plaintiffs have <u>not</u> sought to, nor do they have any desire to, censor any alleged public discussion on the various civil and criminal legal proceedings related to Plaintiffs' ex-employee responsible for the theft of the JB Property. In that regard, Plaintiffs have not requested nor demanded removal of reference to or any articles related to the existence of the dispute with the ex-employee or even his baseless claims about the bank's practices, merely the specific stolen confidential bank documents or, at minimum, all of the identifying client/customer data, names and bank account numbers.

C.  **Plaintiffs' Request Is Narrowly Tailored.**

In compliance with L.R. 79-5, Plaintiffs have narrowly tailored their request for the sealing of records. Plaintiffs only seek to seal "sealable" documents consisting of private, confidential bank files, records, data and account information (*i.e.* the JB Property). Plaintiffs have not sought to seal all of the records and exhibits filed in conjunction with this action or even Plaintiffs' TRO Application.

Plaintiffs have lodged the selected JB Property herewith conditionally under seal as Exhibits "A" through "O" to the Briggs Declaration to permit the Court to review the evidence, verify that it is "sealable", and grant the order to seal.

### III.

### CONCLUSION

Plaintiffs respectfully request that the Court find that the JB Property is "sealable" and issue an order sealing such documents, and that should Defendants seek to file or use any copies of the JB Property, that any said documents likewise be ordered filed under seal.

DATED: February 7, 2008

LAVELY & SINGER
PROFESSIONAL CORPORATION

By: _____/s/_____
WILLIAM J. BRIGGS, II
Attorneys for Plaintiffs BANK JULIUS BAER & CO. LTD and JULIUS BAER BANK AND TRUST CO. LTD

## DECLARATION OF WILLIAM J. BRIGGS

I, WILLIAM J. BRIGGS, declare as follows:

1. I an attorney at law duly qualified to practice before the Courts of the State of California, the United States of America and before this Court and am a member of the firm of Lavely & Singer Professional Corporation, attorneys of record for Bank Julius Baer & Co. Ltd and Julius Baer Bank and Trust Co. Ltd, Plaintiffs in this action. I have personal knowledge of the following facts and, if called and sworn as a witness, I could and would testify competently thereto. As to those matters stated on the basis of information and belief, I am so informed and believe those matters to be true.

2. Plaintiffs seek a temporary restraining order and preliminary injunction against Defendants because Plaintiffs contend that Defendants are wrongfully posting, publishing, distributing, and/or otherwise disseminating, making available and/or making use of Plaintiffs' private, confidential bank files, records, data and client account information stolen from Plaintiffs' bank in the Cayman Islands and/or Switzerland (the "JB Property"). Such documents are protected and prohibited from being published under applicable consumer banking and privacy protection laws, including applicable Swiss and Cayman Islands laws, as well as California Constitutional privacy rights and unfair business practices laws.

3. The documents attached hereto as Exhibits "A" through "O" are true copies of portions of the following JB Property and documents: (i) print-outs of each of the Wikileaks website pages at which the documents that comprise the JB Property are described and made available for download in "zip" files, and under each of those respective printouts; (ii) screen-prints which show the index/list of files and folders of the individual "zip" files, and under each of those respective printouts; (iii) selected sample copies of one or two JB Property documents extracted from each of the "zip" files (of the approximately six-hundred and ninety documents; and many thousands of pages) downloaded from Wikileaks.

4. Plaintiff has also filed a Request for Judicial Notice relating to banking and privacy laws in Switzerland and the Cayman Islands in support of this motion and Plaintiffs' Application for TRO and OSC re Preliminary Injunction.

5. A stipulation for sealing Exhibits "A" through "O" and the JB Property could not be obtained because the documents at issue are the same documents which Defendants are using, posting, displaying and disseminating on the Wikileaks website; and the same documents for which Plaintiffs seek to obtain an injunction against Defendants to prevent further public dissemination. Further, despite notice to Wikileaks' counsel of (i) the nature of the unlawfully leaked documents and (ii) that the source of the documents is bound by a written confidentiality agreement and various banking privacy laws; and reasonable requests that the identifying information be removed, Wikileaks has refused to remove the posted stolen documents, as well as any of the identifying client/customer data. Thereafter, Wikileaks has sought to capitalize on and further exploit its own unfair and unlawful practices and conduct to increase their Website's notoriety and traffic.

6. This Application and all pleadings and evidence shall be delivered to Defendants' or their legal counsel, as applicable, after they are filed, in conformance with Local Rule 7-11.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of February, 2008 in Los Angeles, California.

                     /s/
            WILLIAM J. BRIGGS, II