

JULIE S. TURNER, ESQ.
**THE TURNER LAW FIRM**
344 TENNESSEE LANE
PALO ALTO, CA 94306

DIRECT DIAL: 650-494-1530
FACSIMILE: 650-472-8028

VIA E-FILING

February 12, 2008

The Honorable Jeffrey S. White
United States District Court for the
  Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

> RE:   *Julius Baer & Co. Ltd., et al. v. WikiLeaks, et al.*
>       Civil Case No. CV 08-0824

Your Honor:

I write to inform the Court of a gross defect in the service of the summons, the complaint, the moving papers, and the Court's Order to Show Cause in the above-referenced action. I have been "served" with these papers, presumably on behalf of the WikiLeaks defendants ("WL"). However, I do not represent WikiLeaks in this litigation.

A little over a month ago, attorneys for the plaintiffs sent WL emails demanding that certain documents be removed from WL's website. I was asked by WL to represent them in connection with these take-down notices. I agreed to represent WL for the purpose of ***pre-litigation discussions only.***

I made an initial contact with Mr. Evan Spiegler by email on January 21st, letting him know that I was representing WL "in connection with this matter" and that he could speak with me. Mr. Spiegler and I spoke twice—once on January 22nd and once on January 23rd. In both conversations, I told Mr. Spiegler clearly and unequivocally that my representation of WL was limited to pre-litigation discussions only and that I would not be representing WL in any court proceedings in this matter.

The Honorable Jeffrey S. White
February 14, 2008
Page 2 of 3

In our second conversation, on January 23rd, Mr. Spiegler and I had a very specific discussion about the limits of my engagement. Mr. Spiegler told me that his clients would in fact be filing suit against WL. I told Mr. Spiegler once more that I would no longer be representing WL, and would not be their attorney for any post-filing matters. I asked Mr. Spiegler where he planned to file so that WL could find an appropriate pro bono counsel in the right jurisdiction. Mr. Spiegler would not tell me. I also told Mr. Spiegler very specifically that I could not and would not accept service on behalf of WL. I suggested that he if would let WL know where he planned to file, WL might be inclined to have their attorney accept service on their behalf. Mr. Spiegler assured me that he knew where to serve WL and thus did not need this cooperation.

From our second conversation, I understood that there would be no further pre-litigation discussions. Consequently, I deemed my services to WL to be complete. Shortly after my conversation with Mr. Spiegel, I sent a letter to WL formally bringing my engagement to a close. A copy of that letter is attached hereto.

Yesterday, to my surprise and consternation, I was "served," presumably on behalf of WL. I immediately notified Mr. William Briggs, II, and Mr. Evan Spiegler, counsel for the plaintiffs, of this defect in service. Attached is the email I sent to both of them shortly after having received the papers. In response, Mr. Spiegler insisted that I am WikiLeaks' attorney, on the grounds that I represented them in a limited capacity in connection with plaintiff's original take-down notice to WikiLeaks.

In response, Mr. Spiegler wrote to me insisting that I am WikiLeaks' attorney and that I will and must continue to be their attorney until I make some sort of "formal" withdrawal. Mr. Spiegler also insisted on interpreting the statement in my January 21st about representing WL "in connection with this matter" as some type of formal appearance by which I was bound to represent WL for all aspects of this matter. Mr. Spiegler insisted that he had a right to "rely" on this interpretation, despite our two subsequent conversations as described above.

I responded to Mr. Spiegler and confirmed, once again, that I am not WL's attorney for any litigation matters. Attached is my letter back to Mr. Spiegler.

I am not currently WL's attorney, and have not been their attorney since January 24th. I have never made an appearance in this or any other court on behalf of WL. At one time, WL had listed me as their attorney for legal matters in California. I directed WL to remove that listing before I ever spoke with Mr. Spiegel, and I confirmed that the listing had been removed by the time Mr. Spiegel and I spoke.

The Honorable Jeffrey S. White
February 14, 2008
Page 3 of 3

To the best of my knowledge, no service has been made upon WL or upon anyone authorized to accept service on behalf of WL. This letter is not intended as an appearance on behalf of WL or any other entity in connection with this matter.

Although this letter is not a declaration per se, I do swear under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Julie S. Turner

cc:   Mr. Evan Spiegel, Esq. (Bank Julius Baer)
      Mr. William J. Briggs, II, Esq. (Bank Julius Baer)
      Ms. Kathryn Han, Esq. (Dynadot, Inc.)



JULIE S. TURNER, ESQ.
344 TENNESSEE LANE
PALO ALTO, CA 94306

DIRECT DIAL: 650-494-1530
FACSIMILE:  650-472-8028
JTURNER@JULIETURNERLAW.COM

SENT VIA EMAIL TO JULIAN@WIKILEAKS.ORG AND
LEGAL@WIKILEAKS.ORG

January 23, 2008

Mr. Julian Assange
WikiLeaks

Re:   **Termination of Engagement**

Dear Julian:

It was a pleasuring serving you and WikiLeaks as your pre-litigation counsel for the matter involving Bank Julius Baer and their attorney, Evan Spiegal.  I understand from Mr. Spiegal that the matter is likely to now enter a litigation phase.  I will be unable to represent WikiLeaks in the litigation.

I believe in WikiLeaks' mission to publicize materials of great social, political and ethical concern, and I appreciate that the world has people like yourself who work tirelessly to advance that mission.  Having said that, I can no longer act as an attorney for WikiLeaks and must now withdraw as WikiLeaks' counsel going forward.

I see that all references to me as a representative of WikiLeaks have been removed from the WikiLeaks website.  Thank you for ensuring that that was done.

I wish you and WikiLeaks the very best of luck.  Despite the brevity of my assistance, I hope that my small contribution as counsel has been helpful.

Regards,

Julie S. Turner

**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
TELECOPIER (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
MICHAEL D. HOLTZ
WILLIAM J. BRIGGS, II
PAUL N. SORRELL
ALLISON HART SIEVERS
EVAN N. SPIEGEL

YAEL E. HOLTKAMP
TODD STANFORD EAGAN
BRIGIT K. CONNELLY
ROBERT S. ROSS
HENRY L. SELF, III
KRISTINA BRITTENHAM
RORI STARR SILVER
SHANNON K. COOLEY

CHARLES J. HARDER
OF COUNSEL

February 11, 2008

**VIA FACSIMILE & E-MAIL**
(650) 472-8028
juliewl@wikileaks.org
jturner@julieturnerlaw.com

Julie S. Turner, Esq.
The Turner Law Firm
344 Tennessee Ln
Palo Alto, CA 94306

    Re:    <u>Bank Julius Baer, et. al. / Wikileaks, et. al.</u>
           Our File No. 4405-2
           USDC Case No.: CV08-0824

Dear Ms. Turner:

    This letter is in response to your voice-mail and e-mail messages of today's date, in which, only after your receipt of notice of an Application for TRO and Preliminary Injunction and an OSC re Issuance of TRO, you claim that you do not represent Wikileaks and Wikileaks.org (collectively, the "Wikileaks Defendants").

    We rely on your e-mail letter dated January 21, 2008, sent from your wikileaks.org e-mail address of <juliewl@wikileaks.org>, in which you stated "My name is Julie Turner and I have agreed to represent WikiLeaks in connection with this matter." Unless and until we receive a formal withdrawal of your representation of the Wikileaks Defendants, along with notice from the Wikileaks Defendants or new counsel on their behalf of a substitution of another counsel, we will continue to treat you as counsel on behalf of the Wikileaks Defendants. We are entitled to rely upon your representation that you "represent WikiLeaks in connection with this matter."

    Regardless of your statement that you are not authorized to accept service of the Summons and Complaint in the above referenced matter, service on you of <u>notice</u>, as the Wikileaks Defendants's counsel, of the Application for TRO and Preliminary Injunction and OSC re Issuance of TRO is sufficient and effective notice. Despite your clients' efforts to remain anonymous and hidden to avoid service, nonetheless, Wikileaks has likewise been concurrently served through and

Julie S. Turner, Esq. - F(650) 472-8028 / juliewl@wikileaks.org / jturner@julieturnerlaw.com
The Turner Law Firm
Re:   Bank Julius Baer, et. al. / Wikileaks, et. al.
February 11, 2008
Page 2

---

at its other listed contact for legal and other communications at: Wikileaks.org, John Shipton c/o Dynadot Privacy, Dynadot, LLC, P.O. Box 701, San Mateo, CA 94401.

Nothing contained herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of our clients' rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

Sincerely,

EVAN N. SPIEGEL
for
LAVELY & SINGER
PROFESSIONAL CORPORATION

ENS/mv
cc:   William J. Briggs, II, Esq.
4405-2\Let\ENS-Turner 021108

**THE TURNER LAW FIRM**

JULIE S. TURNER, ESQ.
**THE TURNER LAW FIRM**
344 TENNESSEE LANE
PALO ALTO, CA 94306

DIRECT DIAL: 650-494-1530
FACSIMILE: 650-472-8028

VIA FACSIMILE TRANSMISSION TO (310) 556-3615
VIA EMAIL TO ESPIEGEL@LAVELYSINGER.COM

February 11, 2008

Evan Spiegel
LAVELY & SINGER P.C.
2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906

    *RE: WikiLeaks*

Dear Mr. Spiegel:

I have received your letter, sent around 5:50 today, which I quote in full:

> This letter is in response to your voice-mail and e-mail messages of today's date, in which, only after your receipt of notice of an Application for TRO and Preliminary Injunction and an OSC re Issuance of TRO, you claim that you do not represent Wikileaks and Wikileaks.org (collectively, the "Wikileaks Defendants").
>
> We rely on your e-mail letter dated January 21, 2008, sent from your wikileaks.org e-mail address of <juliewl@wikileaks.org>, in which you stated "My name is Julie Turner and I have agreed to represent WikiLeaks in connection with this matter." Unless and until we receive a formal withdrawal of your representation of the Wikileaks Defendants, along with notice from the Wikileaks Defendants or new counsel on their behalf of a substitution of another counsel, we will continue to treat you as counsel on behalf of the Wikileaks Defendants. We are entitled to rely upon your representation that you "represent WikiLeaks in connection with this matter."

Mr. Evan Spiegel
February 11, 2008
Page 2 of 2

The accusation that I somehow waited to receive the TRO paperwork before telling you that I do not represent WikiLeaks here is wholly unfounded. Before your client ever filed any documents in court, you and I spoke at length by phone, twice. In informed you both times, in clear and unmistakable language, that: (1) my representation of WikiLeaks extended to pre-litigation discussions only; (2) I would not be representing WikiLeaks in court on this matter; and (3) I was not authorized to and could not accept service on behalf of WikiLeaks.

Indeed, in our second phone conversation, I told you that WikiLeaks would be seeking a different counsel to handle the matter in court. I asked you to tell me where your client intended to file so that I could let WikiLeaks know in what jurisdiction they should seek counsel. I even suggested that your cooperation in that regard might be met with cooperation whereby any new counsel would accept service on behalf of WikiLeaks. You refused that offer, insisting that you knew where to serve WikiLeaks. My office is not where to serve WikiLeaks.

You claim an entitlement to rely on my January 21st email, from which you have quoted me as saying that I represent WikiLeaks "in connection with this matter." At that time, "this matter" was merely a takedown notice. As I told you in our phone conversations—both of which occurred *after* the January 21st email—I was representing WikiLeaks in connection only with the pre-litigation discussions we had. Additionally, the email says nothing about me agreeing to accept service on behalf of WikiLeaks. Further reliance on your interpretation of my email is unwise given my explicit statements to you concerning the limits of my engagement.

Lastly, as to some "formal withdrawal" of my representation—what is your authority for that? I have not made a "formal appearance" on behalf of anyone, and am not aware of the need to make a "formal withdrawal." Indeed, this is why the rules of service require you to serve a *party*, not some lawyer who you thinks works for a party. I am neither a party nor a lawyer for any party. Service on me is ineffective for any purpose.

As far as I can tell, no service—of the complaint, the TRO motion, or the Order to Show Cause—has occurred on WikiLeaks. I understand, indirectly, that WikiLeaks is seeking counsel.

Sincerely,

Julie S. Turner

cc:   Mr. William J. Briggs, II, Esq.