1  **MARTIN D. SINGER, ESQ. (BAR NO. 78166)**
   **WILLIAM J. BRIGGS, II, ESQ. (BAR NO. 144717)**
2  **EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)**
   **LAVELY & SINGER PROFESSIONAL CORPORATION**
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
5  E-mail: wbriggs@lavelysinger.com
   E-mail: espiegel@lavelysinger.com
6
   Attorneys for Plaintiffs
7  **BANK JULIUS BAER & CO. LTD** and
   **JULIUS BAER BANK AND TRUST CO. LTD**

8

9                   **UNITED STATES DISTRICT COURT**

10              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                       **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12  **BANK JULIUS BAER & CO. LTD**, a Swiss entity; and **JULIUS BAER BANK AND TRUST CO. LTD**, a Cayman Islands entity, | CASE NO. CV08-0824 JSW [Hon. Jeffrey S. White] |
| 14        Plaintiffs, | *EX PARTE* APPLICATION FOR: ORDER DEEMING SERVICE EFFECTED, *OR IN THE ALTERNATIVE*, PERMITTING ALTERNATIVE METHODS OF SERVICE OF SUMMONS AND COMPLAINT, OR ADDITIONAL TIME; AND MEMORANDUM OF POINTS AND AUTHORITIES |
| 16  v. | |
| 17  **WIKILEAKS**, an entity of unknown form, **WIKILEAKS.ORG**, an entity of unknown form; **DYNADOT, LLC**, a California limited liability corporation, and **DOES 1 through 10**, inclusive, | |
| 20        Defendants. | [Filed Concurrently With: Declaration Evan N. Spiegel In Support of Thereof; and [Proposed] Order] |
| 21 | Date:  [Submission]<br>Time:  [Submission]<br>CTRM:  2, 17th FL |

25  / / /                                                            / / /

26  / / /                                                            / / /

27  / / /                                                            / / /

28  / / /                                                            / / /

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on submission of this application, or as soon thereafter as this matter may be heard in Courtroom 2 of the above entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs BANK JULIUS BAER & CO. LTD ("BJB") and JULIUS BAER BANK AND TRUST CO. LTD ("JBBT") (collectively, "Julius Baer" and/or "Plaintiffs") will and hereby do move the Court, on ex parte application, for an order: (i) deeming Plaintiffs' service of the Summons and Complaint on Defendants WIKILEAKS and WIKILEAKS.ORG (the "Wikileaks Defendants") valid and effective; and (ii) deeming Plaintiffs' service on the Wikileaks Defendants of the Application for TRO and OSC Preliminary Injunction and OSC re TRO, and supporting papers thereon (collectively, the "Application for OSC"), valid and effective; *or in the alternative*, (iii) permitting alternative methods of service of process on the anonymous hidden foreign Defendants, pursuant to Fed.R.Civ.Proc., Rule 4(f)(3), by means of e-mail to the Defendants' last known valid e-mail addresses without requirement of return receipt; *or* (iv) for additional time in which to effect service on the foreign Defendants, pursuant to Fed.R.Civ.Proc., Rule 4(m); and (v) for leave to conduct limited pre-service discovery on third-parties and defendant Dynadot related to the issue of locating the Wikileaks Defendants' physical local, and their owners and operators, in order to effect service of process.

Good cause exists for the relief requested in that Plaintiffs will suffer extreme prejudice should the orders not issue, and due to the fact that Defendants are avoiding service and are, apparently, located in a foreign country. This motion is made pursuant to the express provisions of the Fed.R.Civ.Proc., Rule 4(f)(3) and (m); and pursuant to the Ninth Circuit's holding in *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013-1017 (9th Cir. 2002) (upon emergency motion and order, "service of process by email was proper"; and "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'").

1     This application is based on this notice of ex parte application, the attached
2 Memorandum of Points and Authorities, the records and pleadings on file in this
3 action, matters of which this Court may take judicial notice, and upon such other
4 oral and/or documentary evidence, if any, that may be presented at the time of the
5 hearing on this matter.

                           Respectfully submitted,

DATED: February 13, 2008      LAVELY & SINGER
                                       PROFESSIONAL CORPORATION
                                       MARTIN D. SINGER
                                       WILLIAM J. BRIGGS, II
                                       EVAN N. SPIEGEL

                                       /s/ William J. Briggs, II
                                By:_____
                                       WILLIAM J. BRIGGS, II
                                       Attorneys for Plaintiffs BANK JULIUS BAER & CO. LTD and JULIUS BAER BANK AND TRUST CO. LTD

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION AND SUMMARY . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. DEFENDANTS SHOULD BE DEEMED SERVED OR, IN THE ALTERNATIVE, PLAINTIFFS ARE ENTITLED TO AN ORDER PERMITTING ALTERNATIVE SERVICE METHODS AND/OR AN ORDER EXTENDING TIME TO SERVE FOREIGN DEFENDANTS . . . . . . . . . . . . . . . . . . 7

    A.  Defendants Should Be Deemed Served by Receipt of the Priority Mail Delivery and Copies to their Counsel of the Summons & Complaint and Application for TRO and Preliminary Injunction . . . . . . . . . . . . . . . . . . . . . . 7

    B.  Rule 4(f)(3), Entitles Plaintiffs to an Ex Parte Order Permitting Alternative Methods of Service, Including by E-Mail . . . . . . . . 8

    C.  This Case Requires Service on Foreign Defendants, and Is, Therefore, Expressly Exempt from the Service Time Requirements under Rule 4(m) . . . . . . . . . . . 11

    D.  In the Alternative, Plaintiffs Should Be Granted Leave to Conduct Pre-Service Discovery to Locate and Identify the Wikileaks Defendants . . . . . . . . . . . . . . . . . 13

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)
   245 B.R. 713 (Bankr.N.D.Ga.2000) . . . . . . . . . . . . . . . . . . . . 8

Columbia Ins. Co. v. Seescandy.com
   185 F.R.D. 573 (N.D.Cal. 1999) . . . . . . . . . . . . . . . . . . . . . 13

Int'l Controls Corp. v. Vesco
   593 F.2d 166 (2d Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . 7

Mullane v. Central Hanover Bank & Trust Co.
   339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New England Merchants Nat'l Bank v. Iran Power Gen. and Trans. Co.
   508 F.Supp. 49 (SD N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . 8

Popular Enterprises, LLC v. Webcom Media Group, Inc.,
   225 F.R.D. 560 (E.D. Tenn. 2004) . . . . . . . . . . . . . . . . . . . . 9

Rio Properties, Inc. v. Rio Intern. Interlink
   284 F.3d 1007 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 7-10

Viz Communications, Inc. v. Redsun
   2003 WL 23901766 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . 9

Volkswagenwerk Aktiengesellschaft v. Schlunk
   108 S.Ct. 2104, 486 U.S. 694 (1988) . . . . . . . . . . . . . . . . . . 7

Williams v. Advertising Sex LLC.
   231 F.R.D. 483 (N.D. W. Va. 2005) . . . . . . . . . . . . . . . . . . . 8

### FEDERAL RULES

Fed. R. Civ. Proc., Rule 4(f) . . . . . . . . . . . . . . . . . . . . 1, 2, 7-11

Fed. R. Civ. Proc., Rule 4(h) . . . . . . . . . . . . . . . . . . . . 1, 2, 7-11

Fed. R. Civ. Proc., Rule 4(m) . . . . . . . . . . . . . . . . . . . . . 1, 3, 11

Fed. R. Civ. Proc., Rule 26(d) . . . . . . . . . . . . . . . . . . . . . . . 13

### OTHER AUTHORITIES

Fed. R. Civ. P. 4(f) and (m), Advisory Comm. Notes . . . . . . . . . . . . 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND SUMMARY

This Ex Parte Application is made for an order (i) deeming prior service valid on WIKILEAKS and WIKILEAKS.ORG (the "Wikileaks" and/or the "Wikileaks Defendants"), or, in the alternative, (ii) permitting alternative methods of service of the Summons and Complaint and of the Application for TRO and Preliminary Injunction and supporting papers and OSC (the "Application re TRO"), pursuant to Fed.R.Civ.Proc., Rule 4(f)(3) and (h)(2); or (iii) for additional time to serve the hidden foreign defendants, pursuant to Rule 4(m); and (iv) for leave to conduct limited pre-service discovery to locate the Wikileaks Defendants. Good cause exists for this application in that the Wikileaks Defendants have received copies of the Summons and Complaint and the Application re TRO, are aware of and acknowledged the existence of the action, but have intentionally attempted to avoid service of process and are threatening further harm against Plaintiffs.

Plaintiffs BANK JULIUS BAER & CO. LTD's ("BJB") and JULIUS BAER BANK AND TRUST CO. LTD's ("JBBT") (collectively, "Julius Baer" and/or "Plaintiffs") have attempted to effect service of the Summons and Complaint on the anonymous hidden Wikileaks Defendants. The Wikileaks Defendants, through one or more yet unidentified individuals or agents, are the owners, operators and/or registrants of the world wide web website operating under and at the domain name wikileaks.org (the "Website"). Wikileaks attempts to operate under a veil of anonymity, or as they term it "transparency," to avoid service and imposition of liability for their admittedly wrongful and tortious conduct. See accompanying Declaration of Evan N. Spiegel ("Spiegel Decl."), ¶¶3-5.

Despite the Wikileaks Defendants efforts to hide their identities and locations, Plaintiffs initiated service on February 11, 2008, by: (i) Priority Mail Return Receipt, on the Wikileaks Defendants' only available and self-listed address, a post

1  office box for contact through its private anonymous domain "who-is" registration
2  service provide and agent for contact; and by; (ii) fax notice and personal service to
3  the Wikileaks Defendants' self-acknowledged "Californian counsel Julie Turner"
4  who has "agreed to represent Wikileaks in this matter" and has long been listed on
5  the website as the designated legal representative for submission of legal notices
6  ("Initial Service Efforts"). (Spiegel Decl., ¶¶7-10).

7  However, the Wikileaks Defendants are admittedly avoiding service of the
8  Summons and Complaint and the Application re TRO and have refused to
9  acknowledge service or make their true identities and physical whereabouts known.
10 Despite both the Wikileaks Defendants' and Ms. Turner's acknowledgment of notice
11 of this matter and that Ms. Turner is their "Californian counsel", Ms. Turner now
12 suddenly, and disingenuously, claims that she no longer represents the Wikileaks
13 Defendants. (Spiegel Decl., ¶¶11-14). Only after Plaintiffs' notice of and service
14 of the Summons and Complaint and the Application re TRO to the Wikileaks
15 Defendants' designated contacts (*i.e.*, Ms. Turner and Dynadot), Wikileaks changed
16 their domain registration records, revealed that they are purportedly located in the
17 nation of Kenya, and have sought to have the Domain immediately transferred to
18 another registrar outside this jurisdiction in advance of the OSC re Issuance of TRO.
19 (Id). Accordingly, Defendants have confirmed their receipt of the Summons and
20 Complaint and the Application re TRO and/or have demonstrated that they have
21 actual notice of the action and proceedings.

22 Therefore, as provided for under Rule 4(f)(3), Plaintiffs respectfully request
23 an order deeming Plaintiffs' prior service of the Summons and Complaint and the
24 Application re TRO on the Wikileaks Defendants valid, or, in the alternative,
25 permitting alternative methods of service on the foreign Defendants by means of e-
26 mail delivery to the Defendants' last known valid e-mail addresses without
27 requirement of return receipt. In addition, and/or in the alternative, if needed,
28 Plaintiffs request additional time in which to effect service on the hidden foreign

1  Defendants pursuant to Rule 4(m).

2      Should the Court deny Plaintiffs' request for an order permitting alternative
3  methods of service of process, Plaintiffs request leave to conduct limited pre-service
4  discovery in an effort to locate and identify the Wikileaks Defendants.

## II.

## STATEMENT OF FACTS

7      The Wikileaks Defendants, through one or more yet unidentified individuals
8  or agents, are the owners, operators and/or registrants of the world wide web
9  website operating under and at the domain name wikileaks.org (the "Website").[1]
10 Wikileaks attempts to operate under a veil of anonymity, or as they term it
11 "transparency," to hide their true identities and locations. (Spiegel Decl., ¶4, Exh.
12 "A"). The domain name wikileaks.org (the "Domain Name"), at which the
13 Wikileaks Defendants operate their website (the "Website"), was registered through
14 and is currently administered through an account with Dynadot, LLC ("Dynadot").

15     In order to hide their location, the Wikileaks Defendants use non-traceable
16 "anonymous" e-mail addresses and operate a Website for the express stated purpose
17 of providing "uncensorable," "simple and straightforward means for anonymous"
18 and "untraceable mass document leaking," regardless of legality or authenticity.
19 (Id., ¶5). In fact, in self-response to a question they posted on their own Website,
20 "Is Wikileaks concerned about any legal consequences?", they state that "… we are
21 prepared, structurally and technically, to deal with all legal attacks…"

22     In furtherance of their efforts to shield themselves from legal recourse, the
23 Domain Name, until February 12, 2008 (as discussed below), was registered under
24 a private anonymous domain "who-is" registration service which has allowed the
25 Wikileaks Defendants to operate anonymously and hidden. By virtue of the terms
26 of the private who-is registration service, Dynadot acts as the agent and

---

[1] The facts of this matter are more fully set forth in the Complaint and in Plaintiffs' Application for TRO and Preliminary Injunction, which are incorporated herein by reference.

administrative contact for the registrant of the Domain Name through the listed "c/o Dynadot Privacy" contact information. (Spiegel Decl., ¶6, Exh. "B").

The Wikileaks Defendants, although hiding their true names and locations, have provided various contact information on their Website.[2] (Id., ¶7). Commencing on or about January 15, 2008, Plaintiffs began sending legal notices to Wikileaks via its listed legal e-mail address, including stating that:

> "*Legal proceedings will be commenced* … should the stolen documents at issue not be removed. Please provide contact information for your legal representatives in each of the three locations in order that we may transmit formal legal demands and notices with detailed information with regard to the claims and identifying the documents at issue" and that "*we have been instructed to proceed with an action against you in federal court in California*. This is your final warning -- if you desire to resolve this matter without the necessity of litigation, your counsel may contact the undersigned …"

(Spiegel Decl., ¶7).

After a number of further e-mails, Plaintiffs' counsel was provided with a name and e-mail address for Wikileaks' California counsel, Julie Turner. Ms. Turner confirmed in writing, by e-mail letter dated January 21, 2008, sent from her wikileaks.org e-mail address of <juliewl@wikileaks.org>, in which she stated "*My name is Julie Turner and I have agreed to represent WikiLeaks in connection with this matter.*"[3] (Id., ¶8, Exh. "D"). Search of the Website revealed Ms. Turner's address on the Website on the page listing addresses and contacts for submissions of "leaked" and "legal" documents. Julie Turner's name and/or address and listing

---

[2] The Wikileaks Defendants' last known valid e-mail addresses, including as listed in their Domain registration listing, listed on their Website and from which Defendants and/or their agents have corresponded with Plaintiffs' counsel, are: legal@wikileaks.org; wikileaks@wikileaks.org; and juliewl@wikileaks.org.

[3] Ms. Turner's email included an in-line copy (below Ms. Turner's e-mail) of the above referenced e-mail sent by Plaintiffs' counsel to Wikileaks. (Id., ¶8).

as the authorized agent for service of legal submissions has been posted on the Wikileaks Website, in one form or another, since the Website was first created over a year ago. (Spiegel Decl., ¶¶4, 9, Exh. "A"). Wikileaks thereafter refused to resolve the matter without litigation. The Wikileaks did, however, post an article on their website on January 23, 2008, in which they confirmed that Ms. Turner is their legal counsel in this matter and they were informed that legal action was being initiated by Plaintiffs. (Id., ¶9, Exh. "E").

Plaintiffs initiated service on February 11, 2008, by: (i) Priority Mail Return Receipt, on the Wikileaks Defendants' only available and self-listed address, a post office box for contact through its private anonymous domain "who-is" registration service provide and agent for contact;[4] and by; (ii) fax notice and personal service to the Wikileaks Defendants' self-acknowledged "Californian counsel Julie Turner" who has "agreed to represent Wikileaks in this matter" and has long been listed on the website as the designated legal representative for submission of legal notices ("Initial Service Efforts"). (Id., ¶¶6, 8-10; See also, Proofs of Service filed with this Court, Docket Numbers 15-17 and 20-25).

Despite both the Wikileaks Defendants' and Ms. Turner's acknowledgment that Ms. Turner is their Californian counsel, Ms. Turner now suddenly for the first time, and disingenuously (on February 11, 2008), claims that she no longer represents the Wikileaks Defendants. (Id., ¶¶8, 9, 11). In one of Ms. Turner's own e-mail responses after receipt of notice of this matter and the Application for TRO, she has been so bold as to taunt Plaintiffs' counsel with regard to the service efforts, falsely attributing statements to opposing counsel, stating that "I suggest that you serve WikiLeaks directly. Mr. Spiegel assured me that he knew exactly who to serve there [*sic*]." (Id., ¶11, Exhs. "F"). Plaintiffs' counsel responded to Ms. Turner's numerous communications and disingenuous post-notice attempts to disassociate

---

[4] Wikileaks was served through and one of two listed contacts for legal and other communications at: Wikileaks.org, John Shipton c/o Dynadot Privacy, Dynadot, LLC, P.O. Box 701, San Mateo, CA 94401.

1 herself from her long-time client Wikileaks by letters from William Briggs and Evan Spiegel, dated February 11, 2008 and February 12, 2008, respectively. (Id., ¶12, Exhs. "G" and "I").

Ms. Turner has acknowledged notice of this matter, and that notice has since been relayed by her to the Wikileaks Defendants. For example, on February 12, 2008, the day after notice and service of the Application for TRO and pleadings in this matter on the Wikileaks' Defendants through their designated contacts/agents (*i.e.*, to Ms. Turner and Dynadot), the Wikileaks Defendants altered their domain who-is registration records. They removed the private anonymous domain "who-is" registration service. The registration records now reveal that the Wikileaks Defendants, are or include foreign defendants purportedly located in "Nairobi, Kenya". (Spiegel Decl., ¶13, Exh. "C" - a domain who-is registration print-out dated February 12, 2008). Further, on February 12th, in advance of the OSC re Issuance of TRO hearing, Wikileaks initiated a transfer order request to seek to immediately transfer the Domain Name to away from Dynadot to another registrar outside this jurisdiction. (Id., ¶13).

The Wikileaks Defendants refuse to provide any means of contacting them in person, other than by means of anonymous e-mail addresses, a non-residential postal box mailing address and an acknowledged legal counsel who suddenly, and curiously, claims to no longer represent them but is in active on-going communications with them and assisting them in this matter.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# III.

# DEFENDANTS SHOULD BE DEEMED SERVED OR, IN THE ALTERNATIVE, PLAINTIFFS ARE ENTITLED TO AN ORDER PERMITTING ALTERNATIVE SERVICE METHODS AND AN ORDER EXTENDING TIME TO SERVE DEFENDANTS

**A.     Defendants Should Be Deemed Served by Receipt of the Priority Mail Delivery and Copies to their Counsel of the Summons & Complaint and the Application for TRO and Preliminary Injunction**

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be *reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections. See, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Paragraph (3) of subdivision (f) of Rule 4 provides for "Service Upon Individuals in a Foreign Country … by other means not prohibited by international agreement as may be directed by the court." Fed.R.Civ.Proc., Rule 4(f)(3) and (h)(2). See also, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 108 S.Ct. 2104, 486 U.S. 694 (1988) (Hague Convention does not itself describe standard for determining legal sufficiency of delivery of service of process).

Among the wide variety of alternative methods of service that courts have approved are: <u>service by mail to the defendant's last known address</u>, publication, delivery to the defendant's attorney-agent, telex, <u>ordinary mail</u> and <u>e-mail</u> to a consistently used address. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002) (approving service by e-mail upon emergency motion); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir.1979) (approving service by mail to last known address).

Plaintiffs have engaged in diligent efforts to serve the hidden Wikileaks Defendants and obtain valid personal service. Plaintiffs made several Initial Service

Efforts, including the actual delivery of a copy of the Summons and Complaint and Application for TRO to Defendants via Priority Mail. Plaintiffs also provided notice to and personally served the hidden foreign Wikileaks Defendants' California counsel, Ms. Turner, who had acknowledged representation in this matter. (Spiegel Decl, ¶¶7-10). In response to the notice to and service on the Wikileaks' Defendants' counsel, Ms. Turner acknowledged notice of the pending action and receipt of the service, but suddenly, claimed to no longer represent the Wikileaks' Defendants'. This despite Ms. Turner's use of a private wikileaks email address and her long-time listing on the Wikileaks Website as its legal counsel and address for service of legal submissions.[5] (Id., ¶4, 8-9, 11, Exhs. "A", "D" and "F"). Defendants have thumbed their nose at the judicial system and any efforts by aggrieved parties for redress of the Wikileaks Defendants' wrongful conduct. As a result, Defendants should be deemed to have received sufficient constitutional knowledge under the Due Process Clause of the pendency of the action and been afforded an opportunity to present their objections or otherwise respond to the Complaint and Application for TRO.

Accordingly, Plaintiffs request that, based on the service of the Summons and complaint by Priority Mail to the Wikileaks Defendants' only listed address and to its acknowledged legal counsel, the Court hold that service of process was completed and that Wikileaks Defendants each be deemed validly served.

**B.    Rule 4(f)(3) and (h)(2), Entitles Plaintiffs to an Ex Parte Order Permitting Alternative Methods of Service, Including by E-Mail**

Paragraphs (f)(3) and (h)(2) of the Fed.R.Civ.Proc., Rule 4, which provides for "Service" "Upon Corporations" and "Upon Individuals in a Foreign Country … by other means not prohibited by international agreement as may be directed by the

---

[5] Plaintiffs have engaged in a variety of further investigative efforts to locate Defendants, but have been unable to locate any additional addresses. The efforts include, among other efforts, public record database searches and online searches. (Spiegel Decl., ¶9).

1  court," enables the court on *ex parte* motion to devise a method of service
2  responsive to the unique facts of the particular case, including service by mail to the
3  defendant's last known address, by ordinary mail and by e-mail. Fed.R.Civ.Proc.,
4  Rule 4, Notes.  See, *Rio Properties, Inc. supra*, 284 F.3d 1007 (9th Cir. 2002)
5  (courts have authorized a wide variety of alternative methods of service, including
6  by e-mail, upon emergency motion); *New England Merchants Nat'l Bank v. Iran
7  Power Generation and Transmission Co.*, 508 F.Supp. 49 (SD N.Y. 1980)
8  (permitting use of Telex to serve defendant); *Broadfoot v. Diaz (In re Int'l
9  Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr.N.D.Ga.2000) (authorizing service
10 via e-mail); *Williams v. Advertising Sex LLC.*, 231 F.R.D. 483 (N.D. W.Va. 2005)
11 (e-mail authorized, under F.R.C.P. 4(f)(3) and (h)(2), as an alternative method of
12 service of process when such service upon foreign defendants would comport with
13 due process).

14       The Ninth Circuit, after "examining the language and structure of Rule 4(f)
15 and the accompanying advisory committee notes," were "left with the inevitable
16 conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor
17 'extraordinary relief.' … (citation). It is merely one means among several which
18 enables service of process on an international defendant." *Rio Properties, Inc.*,
19 *supra*, 284 F.3d at 1015, 1017. *See also*, *Viz Communications, Inc. v. Redsun*,
20 2003 WL 23901766 (N.D. Cal. 2003) (district court has discretion to allow service
21 by e-mail; e-mail was the sole means of contact on defendants' web site, defendants
22 were playing hide-and-seek with the federal court and e-mail may be the only means
23 of effecting service of process, and the court found that the defendants were
24 informed sufficiently of the pendency of the lawsuit, and the Constitution required
25 nothing more); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225
26 F.R.D. 560 (E.D. Tenn. 2004) (service of process upon a trademark infringement
27 foreign defendant by e-mail was warranted and sufficiently apprised the interested
28 parties of the pendency of an action).

In *Rio Properties, Inc*, Rio Properties attempted to serve defendant Rio Intern by conventional means in the United States. Although Rio Intern claimed an address in Florida, that address housed only Rio Intern's courier, which refused to accept service of process on Rio Intern's behalf. Rio Properties's private investigator subsequently failed to discover Rio Intern's whereabouts in Costa Rica. Thus unable to serve Rio Intern, Rio Properties brought an emergency motion to effectuate alternative service of process. The Court held that, contrary to Rio Intern's assertions, Rio Properties need not have attempted every permissible means of service of process before petitioning the court for alternative relief. Instead, Rio Properties needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention. Thus, the Ninth Circuit held that when Rio Properties presented the District Court, upon emergency motion, with its inability to serve an elusive international defendant with a known e-mail address, striving to evade service of process, the District Court properly exercised its discretionary powers to craft alternate means of service, which included service by e-mail. The Court reasoned that the District Court's handling of the case and its use of Rule 4(f)(3) ensured the smooth functioning of our courts of law. *Id.*, at 1016.

The facts in the instant action are similar to that in *Rio Properties, Inc.*, in which the alternative method of service by e-mail was permitted. As in *Rio Properties, Inc.*, the Wikileaks Defendants in the instant action (although operating domestically) claim to be located in and based in various foreign locations, *e.g.*, Kenya, Australia and Africa, none of which are valid locations for the owners and operators of Wikileaks, but merely anonymous post office boxes or addresses of contacts who claim not to be authorized to accept service on behalf of the hidden defendants. (Spiegel Decl., ¶¶4, 13, Exhs. "A" and "C").

In fact, more egregious than the circumstances of defendant's avoidance of service in *Rio Properties, Inc*, in the instant matter Defendants have gone so far as to confirm their knowledge of the pending legal action, attempt to undermine the

Court's ability to provide relief by seeking to transfer the Domain Name away from its current registrar prior to the OSC re Issuance of TRO, and even state that they operate under a veil of anonymity, or as they term it "transparency," to avoid service and imposition of liability for their admittedly wrongful and tortious conduct. (Id., ¶¶4-6, Exhs. "A" and "B"). So convinced are the Wikileaks Defendants that they can hide their true physical location and identities, Defendants have sought to capitalize on their already wrongful and tortious conduct. (Id., ¶¶9, Exh. "E"; and see the Application for TRO). Defendants have thus thumbed their noses at this Court and the judicial system as a whole, stating that they "are prepared, structurally and technically, to deal with all legal attacks" and that, "[i]n the very unlikely event that we were to face coercion to make the software censorship friendly, there are many others who will continue the work in other jurisdictions." (Id.; Application for TRO, Exh. "A").

Plaintiffs have engaged in reasonable efforts to serve the Wikileaks Defendants. Plaintiffs' counsel has been unable to physically locate the Wikileaks Defendants and or their true identities, other than by means of electronic mail addresses and non-residential postal box mailing address listed in connection with their Website Domain registration. (Spiegel Decl., ¶14). Thus, Plaintiffs are unable to obtain traditional proof of service on Defendants.

Accordingly, Plaintiffs request issuance of an order permitting alternative methods of service of the Summons and Complaint and Application for TRO pursuant to Fed.R.Civ.Proc., Rule 4(f)(3) and (h)(2), by e-mail to the Wikileaks Defendants' last known valid e-mail addresses without requirement of return receipt.

C. **This Case Requires Service on Foreign Defendants, and Is, Therefore, Expressly Exempt from the Service Time Requirements under Rule 4(m)**

Pursuant to subdivision (m) of the Fed.R.Civ.Proc., Rule 4, the "Time Limit for Service" after the filing of the complaint expressly "does not apply to service in a foreign country." In the Rule 4 Notes, "Subdivision (f) - C4-24. Service on

Individuals in Foreign Country", the legislature has stated that the variety of problems that can be met in attempting service in a foreign nation make it inappropriate to impose an arbitrary time limit on service. Hence the 120-day period following the filing of the complaint, within which service is required by subdivision (m) in domestic cases, does not apply when service has to be made abroad under subdivision (f). Subdivision (m) explicitly exempts subdivision (f) from its time demands. Fed.R.Civ.Proc., Rule 4, Notes.

The Wikileaks Defendants, although operating in California through the registration of their Domain Name, are comprised of anonymous individuals spanning the globe. (Spiegel Decl., ¶13, Exh. "C"; Application for TRO, Exh. "A"). On February 12, 2008, the day after notice and service of the Application for TRO and pleadings in this matter on the Wikileaks' Defendants through their counsel, the Wikileaks Defendants altered their domain who-is registration and removed the private anonymous domain "who-is" registration service. The official who-is registration records, as entered by the Wikileaks Defendants themselves, list that the anonymous Wikileaks Defendants are or include foreign defendants located in "Nairobi, Kenya." (Id., ¶¶6, 13, Exhs. "B" and "C").

Accordingly, should the court deny Plaintiffs' request for an order permitting alternative methods of service of process, Plaintiffs respectfully informs the Court of the Defendants' status as foreign defendants and seek additional time to serve the Defendants under the exemption from the time requirements of subdivision (m); and request that the issue of service on the foreign Defendants should be subject to a non-appearance case review in six months' time.

///
///
///
///
///

**D.   In the Alternative, Plaintiffs Should Be Granted Leave to Conduct Pre-Service Discovery to Locate and Identify the Wikileaks Defendants**

Although generally, discovery proceedings take place only after defendant has been served, courts may allow limited discovery after filing of complaint to permit plaintiff to learn identifying facts necessary to permit service on defendant. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D.Cal. 1999); Fed.R.Civil.Proc., Rule 26(d).

The Wikileaks Defendants have sought to avoid service and refuse to reveal their true identities and/or locations. Plaintiffs, however, have information with regard to e-mail addresses, non-residential postal mail addresses, and the Wikileaks Defendants' Website registrar which is privy to the Wikieaks Defendants', or some of their, true names, addresses, agents and/or payment processing information evidencing their identities. Upon limited and directed discovery to the Wikileaks Defendants' various service providers and/or carriers, and their counsel, Ms. Turner, and defendant Dynadot, Plaintiffs might be able to obtain additional contact information on the Wikileaks Defendants to effect service. (Spiegel Decl, ¶15).

Accordingly, should the court deny Plaintiffs' request for an order permitting alternative methods of service of process, Plaintiffs request leave to conduct limited pre-service discovery on defendant Dynadot and third-parties, including, but not limited to, the Wikileaks Defendants' counsel and ISP's, related to the issue of locating the Wikileaks Defendants' physical local and identities in order to effect personal service of process on the Wikileaks Defendants.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Ex Parte Application for an Order holding that the Wikileaks Defendants have been validly served, or, in the alternative, permitting alternative methods of service of process by means of e-mail delivery to the Wikileaks Defendants' last known

1  valid e-mail addresses without requirement of return receipt, and for an order
2  extending time to serve the potentially international Wikileaks Defendants with the
3  Summons & Complaint and Application for TRO, or, in the alternative, for leave
4  to conduct pre-service discovery.

6  DATED: February 12, 2008          LAVELY & SINGER
                                     PROFESSIONAL CORPORATION
7                                    MARTIN D. SINGER
                                     WILLIAM J. BRIGGS, II
8                                    EVAN N. SPIEGEL

9                                              /s/
                                     By:_____
10                                        WILLIAM J. BRIGGS, II
                                     Attorneys for Plaintiffs BANK JULIUS
11                                   BAER & CO. LTD and JULIUS BAER
                                     BANK AND TRUST CO. LTD