IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK JULIUS BAER & CO. LTD and JULIUS BAER BANK AND TRUST CO. LTD,<br><br>    Plaintiffs,<br><br>  v.<br><br>WIKILEAKS, an entity of unknown form; WIKILEAKS.ORG, an entity of unknown form; DYNADOT, LLC, a California limited liability corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. C 08-00824 JSW<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER RE SERVICE** |

This matter comes before the Court upon consideration of Plaintiffs' *ex parte* application for an order deeming service effected, or in the alternative, permitting alternative methods of service of summons and complaint, or additional time for pre-service discovery. Having considered Plaintiffs' pleadings, the lack of opposition, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. The Court finds the application well-taken and issues this Order GRANTING the request for alternative service expeditiously due to the urgency of the pending matter.

**BACKGROUND**

On February 6, 2008, Plaintiffs Bank Julius Baer & Co., LTD and Julius Baer Bank and Trust Co, Ltd. ("Plaintiffs") filed this action alleging unlawful and unfair business practices in violation of California Business and Professions Code section 17200, declaratory relief,

interference with contract, interference with prospective economic advantage, conversion, and injunctive relief. Plaintiffs allege that Defendants WikiLeaks, Wikileaks.org and Dynadot, LLC have unlawfully and wrongfully published confidential, as well as forged, bank documents belonging to Plaintiffs on the website Wikileaks.org. Plaintiffs allege that such publication violates consumer banking and privacy protection law, under both foreign and American law.

Also, on February 8, 2008, Plaintiffs filed an *ex parte* application for temporary restraining order ("TRO") and order to show cause re preliminary injunction. Plaintiffs initiated service of the summons and complaint, as well as all associated TRO papers, on Defendants by priority mail return receipt on the WikiLeak Defendants' only available and self-listed address, a post office box for contact through its private anonymous domain "who-is" registration service and agent for contact as well as by fax notice and personal service to WikiLeaks Defendants' ostensible counsel, Julie Turner. (Declaration of Evan N. Spiegel ("Spiegel Decl."), ¶¶ 7-20.) ) There is also evidence in the record that WikiLeaks, after Plaintiffs' attempts at service at its registered post office box address, has removed the local domain listing to include foreign defendants purportedly located in Nairobi, Kenya. (*Id.*, ¶ 13, Ex. C.) Plaintiffs have properly effectuated service on Defendant Dynadot, LLC whose service is not at issue here.

## ANALYSIS

"Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals." *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Rule 4(f), in turn, sets forth the manner in which a plaintiff may effect service on an individual not within any judicial district of the United States. Rule 4(f)(3) provides that service may be effected "by other means not prohibited by international agreement as directed by the court."

Under the plain language of Rule 4(f)(3), a plaintiff must show that the "other means" is not prohibited by international agreement and must obtain a court order to effectuate service in the desired fashion. *See Rio Properties,* 284 F.3d at 1014; *Nanya Techn. Corp. v. Fujitsu Ltd.*, 2007 WL 296087, *5 (D. Guam. Jan. 26, 2007) (granting motion to effect service by email and

1  international mail on Japanese defendant). In addition, the method of service authorized by the
2  Court "must also comport with constitutional notions of due process." *Rio Properties*, 284 F.3d
3  at 1016. In *Rio Properties*, the Ninth Circuit also stated that as long as service under Rule
4  4(f)(3) is "court-directed and not prohibited by an international agreement, service of process
5  ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign
6  country." *Id.* at 1014.

7  Although, the Ninth Circuit also has stated a plaintiff must obtain court approval *before*
8  attempting to effect service Rule 4(f)(3) before service will be considered effective, a plaintiff is
9  not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2). *See Brockmeyer v. May*,
10  383 F.3d 798, 806 (9th Cir. 2004) (finding plaintiff did not effect service properly where they
11  failed to obtain court approval prior to serving via mail); *Rio Properties*, 284 F.3d at 1016.

12  In this case, the Court concludes that the circumstances warrant alternative service.
13  Plaintiffs have presented evidence that physical addresses for the WikiLeaks Defendants cannot
14  be effectively located or that such defendants, through their purported agents, have refused to
15  accept service. Plaintiffs have also demonstrated that there are email accounts listed for
16  defendants, which would serve the purposes of ensuring the defendants receive adequate notice
17  of this action and an opportunity to be heard. *See Rio Properties*, 284 F.3d at 1016-17 (finding
18  that service via electronic mail was "method most likely to reach" defendant and concluding
19  district court did not abuse discretion in authorizing service via email); *see also Int'l Controls*
20  *Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service my mail to last known
21  address).

22  The Court further concludes that, as yet, there is no showing that service via email is
23  prohibited by an international agreement. In *Rio Properties*, the Ninth Circuit stated that "as
24  long as court-directed and not prohibited by an international agreement, service of process
25  ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign
26  country." *Rio Properties*, 284 F.3d at 1014. Accordingly, Plaintiffs' *ex parte* application re
27  service is GRANTED to the extent it seeks to effectuate service via email without requirement
28  of return receipt.

**United States District Court**
For the Northern District of California

Although the Court does not find that the service already effectuated by Plaintiffs was improper, in an abundance of caution and considering that the WikiLeaks Defendants may be foreign parties, the Court ORDERS Plaintiffs to re-serve the amended complaint and summons and all TRO-related papers, including this Order, on the WikiLeaks Defendants at their listed email addresses by no later than 3:00 p.m., today, February 13, 2008. Plaintiffs shall serve by email any further filings in this matter immediately upon their filing or any further orders of this Court immediately upon their receipt. Because it is clear from the record before the Court that the WikiLeaks Defendants have actual knowledge of the pendency of the application for temporary restraining order and order to show cause re preliminary injunction,[1] the hearing will remain set for Thursday, February 14, 2008 at 10:00 a.m. The Court ORDERS all parties (or their legal representatives) to be present at the hearing, including but not limited to, Julie Turner.

**IT IS SO ORDERED.**

Dated: February 13, 2008

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The record includes an *ex parte* letter from attorney Julie Turner dated February 12, 2008 which attaches a letter to Plaintiffs' counsel in which Turner indicates that she understands "indirectly, that Wikileaks is seeking counsel." (Docket no. 26 at 8.) Also, there is evidence that, following Plaintiffs' attempts at service, the WikiLeaks Defendants have removed the local domain listing to include foreign defendants purportedly located in Nairobi, Kenya. (Spiegel Decl., ¶ 13, Ex. C.) It is therefore clear from the record before this Court that the WikiLeaks Defendants are aware of the pending matter.