UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BANK JULIUS BAER & CO., LTD, a Swiss entity; and JULIUS BAER BANK & TRUST CO. LTD., a Cayman Island entity,<br><br>Plaintiffs,<br><br>v.<br><br>WIKILEAKS, an entity of unknown form; WIKILEAKS.ORG, an entity of unknown form; DYNADOT. LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. CV-08-0824 JSW |

## DECLARATION OF PETER LURIE

I, Peter Lurie, declare as follows:

1. I am the Deputy Director of the Health Research Group, the health policy and research arm of Public Citizen. Public Citizen, established in 1971, is a national nonprofit organization that advocates for openness and democratic accountability in government; for the right of consumers to seek redress in the courts; for clean, safe and sustainable energy sources; for social and economic justice in trade policies; for strong health, safety and environmental protections; and for safe, effective and affordable prescription drugs and health care. Public Citizen has members nationwide, including approximately 15,000 members in California.

2. I have served in my current position as Deputy Director since August 1999. I have personally authored or co-authored dozens of reports for Public Citizen's Health Research Group, including reports on dangerous drugs, medical devices, occupational health and

health care delivery. Before joining Public Citizen, I was on the faculty of the University of California, San Francisco and the University of Michigan. I hold a bachelor's degree in chemistry from Cornell University, an M.D. from the Albert Einstein College of Medicine and a Masters in Public Health from the University of California, Berkeley.

3.  Much of Public Citizen's advocacy is conducted through original research and reporting on matters of public concern. Public Citizen's Health Research Group has become known for authoritative, investigative reports on health policy whose findings are widely reported in the press and used by members of Congress, the regulatory agencies and other advocates in shaping legislation, regulation, and policies. These reports may rely on a combination of public databases, leaked government documents, various internet resources, Freedom of Information Act requests, searches of news reports, and information from whistleblowers and consumers.

4.  The best example of the usefulness of leaked governement documents involved Food and Drug Administration (FDA) consideration of a drug company plan to conduct research on its new drug in Latin America using a design that the agency acknowledged would be unacceptable in the United States. The FDA convened an internal meeting to discuss the ethics of the proposed research. The public had no idea that the meeting was taking place, as the FDA customarily will not confirm the existence of a New Drug Application while the drug is still under review, much less of any internal meeting convened to discuss it. An FDA employee who had been present at the meeting provided us with the slides that had been presented. On February 22, 2001, we released a letter to the Department of Health and Human Services criticizing the proposed research and attaching the leaked documents. On

April 4, 2001, the company redesigned the study to address our criticisms.

5. We also, at times, use leaked corporate documents. We obtained internal corporate inspection data and memoranda relating to devices for the disposal of sharp, potentially infected injection equipment. The documents established that the walls of the devices were not reliably thick enough to prevent needles from piercing them. On July 6, 1995, we wrote a letter to the FDA commissioner exposing these unsafe devices and the very next day the company ordered a recall of thousands of them.

6. Information concerning corporate and governmental misconduct is essential to our research reports. The most useful information of this kind comes in the form of actual corporate and government documents revealing the misconduct or abuses at issue. Such information, however, is naturally hard to come by because it is frequently suppressed or withheld from disclosure. Our work depends on our ability to gain to access to such information.

7. I believe that Wikileaks is a valuable tool for the unique type of research that we conduct at Public Citizen's Health Research Group. Both the subject matter of the website (government and corporate misconduct) and the type of information posted on the site (original government and corporate documents) are directly relevant to our work.

8. Public Citizen's Health Research Group, therefore, has a strong interest in access to the documents posted on Wikileaks. Public Citizen's ability to perform its research work is significant enhanced by the willingness of those with information on governmental and corporate misconduct to disclose that information without threat of retaliation. If Wikileaks is shut down, the ability of Public Citizen and its members to access that information will be

significantly impaired.

9. Indeed, this Court's permanent injunction of February 15, 2008, which ordered the Wikileaks.org site shut down, not only impairs, but completely forecloses, the ability of Public Citizen to access the information that would otherwise be available on Wikileaks. Thus, the disposition of this case has already had, and may continue to have, the effect of impeding the ability of Public Citizen to protect its significant First Amendment interests in the material posted on Wikileaks.

10. Public Citizen's Health Research Group is concerned that its First Amendment interests will not be adequately represented in this Court absent Public Citizen's intervention because Wikileaks has not appeared in this action to defend itself. Moreover, even if Wikileaks does appear, there is no reason to believe that Wikileaks would be able to adequately represent the interests of Public Citizen.

Executed at Washington, DC, this 26th day of February, 2008.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Peter Lurie