STEVEN L. MAYER (No. 62030)
Email: smayer@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

ANN BRICK (No.65296)
Email: abrick@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN
    CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111
Telephone:    415/621-2493
Facsimile:    415/255-8437

ADEN J. FINE (No. 186728)
Email: afine@aclu.org
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street—18th Floor
New York, New York 10004
Telephone:    212/549-2693
Facsimile:    212/549-2651

MATTHEW J. ZIMMERMAN (No. 212423)
Email: mattz@eff.org
ELECTRONIC FRONTIER
    FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:    415/436-9333
Facsimile:    415/436-9993

Attorneys for Movants and Prospective Intervenors
PROJECT ON GOVERNMENT OVERSIGHT, *et al.*

*Additional Counsel Listed On Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BANK JULIUS BAER & CO., LTD., a Swiss entity, *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>WIKILEAKS, an entity of unknown form, *et al.*,<br><br>                    Defendants. | No. CV-08-0824 JSW<br><br>Action Filed: February 6, 2008<br><br>[PROPOSED] ANSWER AND CROSS-COMPLAINT IN INTERVENTION<br>[Fed. R. Civ. P. 24(a), 24(b)] |

[PROPOSED] ANSWER AND CROSS-COMPLAINT IN INTERVENTION    CV-08-0824 JSW

Dockets.Justia.com

| | |
|---|---|
| 1 | PROJECT ON GOVERNMENT OVERSIGHT, a District of Columbia not-for-profit organization; AMERICAN CIVIL LIBERTIES UNION, INC., a District of Columbia not-for-profit organization; AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC., a New York not-for-profit organization; ELECTRONIC FRONTIER FOUNDATION, a Massachusetts not-for-profit organization, on behalf of its members; and JORDAN MCCORKLE, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants and Cross-Complainants In Intervention, |
| 8 | v. |
| 9 | BANK JULIUS BAER & CO. LTD, a Swiss entity; and JULIUS BAER BANK & TRUST CO. LTD., a Cayman Island entity; and DYNADOT, LLC, a California limited liability company, |
| 10 | |
| 11 | |
| 12 | Cross-Defendants In Intervention. |

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

Defendants and Cross-Complainants in Intervention Project on Government Oversight, American Civil Liberties Union, Inc., American Civil Liberties Union Foundation, Inc., Electronic Frontier Foundation, on behalf of its members, and Jordan McCorkle (collectively, "Intervenors") for their answer to the Complaint filed by Plaintiffs Bank Julius Baer & Co. Ltd. and Julius Baer Bank and Trust Co. Ltd. against Defendants Wikileaks, wikileaks.org, Dynadot, LLC, and Does 1-10, as follows:

## The Nature of This Action

1. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

## Jurisdiction and Venue

2. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

## Intradistrict Assignment

4. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

## The Parties

5. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, except admit, on information and belief, that Bank Julius Baer & Co., Ltd., is a Swiss entity with its principal place of business in Zurich, Switzerland.

6. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, except admit, on information and belief, that Julius Baer Bank & Trust Co., Ltd., is a Cayman Islands entity, with its principal place of business in Windward III, Grand Cayman.

7. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. State that they are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 8.

9. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, except admit, on information and belief, that Dynadot LLC is a California limited liability company, with its principal place of business in San Mateo, California.

10. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

**Facts Common to All Claims For Relief**

13. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. State that they are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 21.

22. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

**FIRST CLAIM FOR RELIEF**
For Unlawful and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code §17200
(Against Defendants Wikileaks, wikileaks.org and Does 1-10)

32. Repeat and reallege their responses to the allegations contained in paragraphs 1-31.

33. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and state that the temporary, preliminary and permanent injunctive relief requested by Plaintiffs is overbroad and barred by the First and Fifth Amendments to the United States Constitution.

**SECOND CLAIM FOR RELIEF**
For Declaratory Relief
(Against All Defendants)

42. Repeat and reallege their responses to the allegations contained in paragraphs 1-31.

43. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. State that they are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 47.

48. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

### THIRD CLAIM FOR RELIEF
For Interference With Contract
(Against Defendants Wikileaks, wikileaks.org and Does 1-10)

49. Repeat and reallege their responses to the allegations contained in paragraphs 1-31.

50. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

### FOURTH CLAIM FOR RELIEF
For Interference With Prospective Economic Advantage
(Against Defendants Wikileaks, wikileaks.org and Does 1-10)

55. Repeat and reallege their responses to the allegations contained in paragraphs 1-31.

56. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

## FIFTH CLAIM FOR RELIEF
For Conversion
(Against Defendants Wikileaks, wikileaks.org and Does 1-10)

60. Repeat and reallege their responses to the allegations contained in paragraphs 1-31.

61. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, and state that the temporary, preliminary and permanent injunctive relief requested by Plaintiffs is overbroad and barred by the First and Fifth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF
For Injunctive Relief
(Against All Defendants)

67. Repeat and reallege their responses to the allegations contained in paragraphs 1-31.

68. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71, and state that the temporary, preliminary and permanent

injunctive relief requested by Plaintiffs is overbroad and barred by the First and Fifth Amendments to the United States Constitution.

### FOR A FIRST AFFIRMATIVE DEFENSE

72. The temporary, preliminary and permanent injunctive relief sought by Plaintiffs in their Complaint is overbroad and violates Intervenors' rights under the First Amendment to the United States Constitution. In addition, the permanent injunction already entered by the Court violates Intervenors' rights under the First and Fifth Amendments, because it was entered without participation by anyone representing the interests of Intervenors or members of the public in retaining unhindered access to the Wikileaks website and to the documents and information contained thereon that are not the subject of this litigation.

### CROSS-COMPLAINT

Defendants and Cross-Complainants in Intervention Project on Government Oversight, American Civil Liberties Union, Inc., American Civil Liberties Union Foundation, Inc., Electronic Frontier Foundation, on behalf of its members, and Jordan McCorkle (collectively, "Intervenors") for their Cross-Complaint against Plaintiffs Bank Julius Baer & Co. Ltd. and Julius Baer Bank and Trust Co. Ltd. and Defendants Dynadot, LLC, allege as follows:

#### The Nature of This Action

1. This is an action for declaratory relief under 28 U.S.C. §2201.

#### Jurisdiction

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331 (federal question).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

#### The Parties

4. Defendant and Cross-Complainant in Intervention Project on Government Oversight ("POGO") is a District of Columbia not-for-profit Section 501(c)(3) organization, with its principal place of business in Washington, D.C. Founded in 1981, POGO is an independent nonprofit which investigates and exposes corruption and other misconduct in order to achieve a more accountable federal government. POGO works with hundreds of inside sources and whistleblowers to conduct

[PROPOSED] ANSWER AND CROSS-COMPLAINT IN INTERVENTION    CV-08-0824 JSW
-7-

journalistic investigations aimed at improving the functioning of the U.S. government. In recent years, POGO's investigations and outreach programs have addressed shortcomings in national security, the lack of oversight of government spending, outmoded nuclear weapons programs, inadequate whistleblower protections, excessive government secrecy and Congress' inability to conduct effective government oversight. POGO strongly believes that employees who witness wrongdoing should have outlets for exposing this through websites such as Wikileaks. Websites such as Wikileaks ensure that there are safe havens where whistleblowers can shed light on the inner workings of their institutions and ensure that corruption is rooted out. Ultimately, this free flow of information protects citizens and protects democracy from succumbing to special interests. POGO staff members have read and followed postings on the Wikileaks website prior to the filing of Plaintiffs' lawsuit in the regular course of their activities and have strong reason to believe that future postings will be of use in the organization's ongoing investigations. This lawsuit is also of particular interest to POGO because POGO will be unable to encourage whistleblowers who need an outlet for their documents to use the Wikileaks site if it is no longer as easily available as possible.

5. Defendant and Cross-Complainant in Intervention American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with over 500,000 members dedicated to the principles of liberty and equality embodied in the United States Constitution. The ACLU comprises two entities, the American Civil Liberties Union, Inc., a District of Columbia not-for-profit Section 501(c)(4) corporation which handles most of the ACLU's lobbying efforts out of the ACLU's legislative office in Washington, D.C., and its affiliate, the American Civil Liberties Union Foundation, Inc., a New York not-for-profit Section 501(c)(3) corporation, which handles most of the ACLU's litigation and public education efforts. Freedom of speech has been a central concern of the ACLU since the organization's founding in 1920, and over the last eight decades the ACLU has repeatedly considered the application of free speech principles to new communications media. Most recently and most relevantly, the ACLU has been involved in numerous state and federal cases involving freedom of expression on the Internet. The ACLU is also frequently involved in litigation and advocacy efforts concerning the rights of whistleblowers and numerous human rights issues, many of which are the subjects of material on the Wikileaks website. Prior to the

filing of Plaintiffs' lawsuit, staff members of the ACLU accessed and relied on documents and information posted on the Wikileaks website in the course of their regular advocacy, research, public education and litigation efforts, and they intend to do so in the future because of the material's close connections to the everyday work of the ACLU. As one example, the ACLU previously issued public statements regarding the U.S. Army's operations manual for the Guantanamo Bay detention facility that was first disclosed on the Wikileaks website, and will likely do so again if similar documents are posted on the website.

6. Defendant and Cross-Complainant in Intervention Electronic Frontier Foundation ("EFF") is a Massachusetts not-for-profit Section 501(c)(3) organization, with its principal place of business in San Francisco, California. EFF is a donor-supported membership organization working to protect fundamental rights related to technology; to educate the press, policymakers and the general public about civil liberties issues related to technology; and to act as a defender of those liberties. EFF currently has over 10,000 paying members nationwide, and over 35,000 subscribers to *EFFector*, its email newsletter. EFF members regularly access information from and/or post information to Wikileaks.

7. Defendant and Cross-Complainant in Intervention Jordan McCorkle is an individual residing in Austin, Texas, where he is a senior at the University of Texas. He is a regular user of Wikileaks, which he visits at least once each week, sometimes more. McCorkle believes it is important to be a well-informed and participatory member of society. He depends on Wikileaks as a source of information that is not available in the more traditional media so that he can keep abreast of recent developments and, where appropriate, make his views known to others about what he has learned from visiting the site. McCorkle wants to be able to continue to access Wikileaks so that both he and the public can retain the ability independently to assess questionable activities undertaken by corporate and governmental entities.

8. None of the Defendants and Cross-Complainants In Intervention are associated with, have any connections to, or have any involvement with the maintenance of the Wikileaks website.

9. On information and belief, Plaintiff and Cross-Defendant Bank Julius Baer & Co. Ltd. is a Swiss entity, with its principal place of business in Zurich, Switzerland. On information and

belief, Plaintiff and Cross-Defendant Julius Baer Bank & Trust Co. Ltd. is a Cayman Islands entity, with its principal place of business in Windward III, Grand Cayman. These Cross-Defendants are referred to collectively herein as the "BJB Parties."

10. On information and belief, Defendant and Cross-Defendant Dynadot, LLC ("Dynadot"), is a California limited liability company, with its principal place of business in San Mateo, California.

## FIRST CAUSE OF ACTION
Declaratory Relief

11. Defendants and Cross-Complainants In Intervention incorporate by reference as though set forth herein each of the preceding allegations in Paragraphs 1 through 10.

12. The BJB Parties commenced this action on February 6, 2008.

13. The BJB Parties allege in their Complaint that one of their former employees, Rudolf Elmer, has been improperly providing third parties—including the Wikileaks website—with confidential documents belonging to the BJB Parties. Specifically, the BJB Parties allege that on or about January 13, 2008, Elmer began posting hundreds of such documents to that site.

14. The principal Defendants named in the Complaint are "Wikileaks" and "wikileaks.org," who are alleged to own and/or operate the "Wikileaks" website.

15. "Wikileaks" describes itself as an Internet website where participants can anonymously disclose and comment on documents and other materials of public interest. *See* Wikileaks: About, http://wikileaks.be/wiki/Wikileaks:About (last visited Feb. 26, 2008). According to the site, its "primary interest is in exposing oppressive regimes in Asia, the former Soviet bloc, Sub-Saharan Africa and the Middle East, but we also expect to be of assistance to people of all regions who wish to reveal unethical behavior in their governments and corporations." *Id.*

16. The Wikileaks website utilizes technology designed to permit third parties to post electronic documents easily for public availability.

17. The Wikileaks website states that it was founded "by Chinese dissidents, journalists, mathematicians and startup company technologists, from the US, Taiwan, Europe, Australia and South Africa." *Id.* Among other things, material purportedly posted to the website includes the U.S.

Army's operations manual for the Guantanamo Bay detention facility, materials concerning the United States' expenditures on its military efforts in Afghanistan and Iraq, and documents exposing alleged corruption by Kenyan political leaders. *Id.*

18. In addition to Defendants "Wikileaks" and "wikileaks.org," the BJB Parties' Complaint also named Dynadot as a Defendant to the declaratory and injunctive relief causes of action.

19. Dynadot is one of several Internet domain name registrars that are accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN"), a non-profit corporation originally chartered by the United States Department of Commerce to oversee a number of Internet-related tasks, including the registration of domain names.

20. The "wikileaks.org" domain name is registered—in essence, permitted to function—by Dynadot.

21. On February 15, 2008, less than ten days after this action was filed, the Court entered its Order Granting Permanent Injunction in the exact form proposed by the BJB Parties and Dynadot. Among other things, the permanent injunction required Dynadot, until further order of the Court, to

(1) "immediately lock the wikileaks.org domain name to prevent transfer of the domain name to a different domain registrar, and . . . immediately disable the wikileaks.org domain name and account to prevent access to and any changes from being made to the domain name and account information";

(2) "immediately disable the wikileaks.org domain name and account such that the optional privacy who-is service for the domain name and account remains turned off"; . . .

(3) "immediately clear and remove all DNS hosting records for the wikileaks.org domain name and prevent the domain name from resolving to the wikileaks.org website or any other website or server other than a blank page . . . ."

22. After entry of the permanent injunction, Dynadot disabled the wikileaks.org domain name and prevented the domain name from resolving to the Wikileaks website or any other website. In addition, on information and belief, Dynadot locked the wikileaks.org domain name to prevent transfer of the domain name to a different domain registrar.

23. Because the permanent injunction hinders Intervenors' access to the Wikileaks website,

and to the documents and information contained thereon that are not the subject of this action, it violates Intervenors' rights under the First Amendment to access information without government interference. In addition, the injunction violates Intervenors' due process rights under the First and Fifth Amendments, because it was entered without participation by anyone representing the interests of Intervenors or members of the public in retaining unhindered access to the Wikileaks website and to the documents and information contained thereon that are not the subject of this litigation.

24. There is an actual controversy between Intervenors, on the one hand, and the BJB Parties and Dynadot, on the other hand, relating to the constitutionality of the Court's permanent injunction. The BJB Parties and Dynadot contend that the permanent injunction complies with the First and Fifth Amendments of the United States Constitution, while Intervenors contend that it does not.

25. The Intervenors therefore request that the Court determine the parties' rights and duties with respect to the permanent injunction, and declare that the Court's permanent injunction is overbroad and violates the Intervenors' rights under the First and Fifth Amendments.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants and Cross-Complainants In Intervention pray that the Court:

(a) Declare that the permanent injunction entered against Dynadot on February 15, 2008, is overbroad and barred by the First and Fifth Amendments of the United States Constitution;

(b) Permanently dissolve the permanent injunction entered against Dynadot on February 15, 2008; and

(c) Grant Intervenors such additional relief as the Court deems proper.

DATED: February __, 2008.

Respectfully,

STEVEN L. MAYER
CHRISTOPHER KAO
SHAUDY DANAYE-ELMI
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

ANN BRICK
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN
    CALIFORNIA, INC.

ADEN J. FINE
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

CINDY A. COHN
KURT OPSAHL
MATTHEW J. ZIMMERMAN
ELECTRONIC FRONTIER FOUNDATION

By: _____
    STEVEN L. MAYER

Attorneys for Movants and Prospective Intervenors
PROJECT ON GOVERNMENT OVERSIGHT *et al.*