STEVEN L. MAYER (No. 62030)
Email: smayer@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

ANN BRICK (No. 65296)
Email: abrick@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN
    CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111
Telephone:    415/621-2493
Facsimile:    415/255-8437

ADEN J. FINE (No. 186728)
Email: afine@aclu.org
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street—18th Floor
New York, New York 10004
Telephone:    212/549-2693
Facsimile:    212/549-2651

MATTHEW J. ZIMMERMAN (No. 212423)
Email: mattz@eff.org
ELECTRONIC FRONTIER
    FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:    415/436-9333
Facsimile:    415/436-9993

Attorneys for Movants and Prospective Intervenors
PROJECT ON GOVERNMENT OVERSIGHT et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BANK JULIUS BAER & CO. LTD, a Swiss entity, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WIKILEAKS, an entity of unknown form, et al., <br><br> Defendants. | No. CV-08-0824 JSW <br><br> Action Filed: February 6, 2008 <br><br> DECLARATION OF STEVEN L. MAYER IN SUPPORT OF STIPULATED REQUEST FOR ORDER SHORTENING TIME <br><br> [Local Rule 6-2] |

I, Steven L. Mayer, declare as follows:

1. I am a Member of the State Bar of California and a Director of Howard, Rice, Nemerovski, Canady, Falk & Rabkin, A Professional Corporation. I represent the Project on Government Oversight, the American Civil Liberties Union, the American Civil Liberties Union Foundation, the Electronic Frontier Foundation and Jordan McCorkle ("Movants") in connection with the above-captioned matter. I make this declaration in support of Movants' Stipulated Request for Order Shortening Time ("Stipulated Request") filed herewith. I have personal knowledge of the matters stated herein, and if called as a witness I could and would testify competently thereto.

2. Plaintiffs commenced this action on February 6, 2008. They assert that the Wikileaks website, which was then accessible through the domain name "wikileaks.org," had improperly published certain confidential documents belonging to Plaintiffs.

3. The Wikileaks site describes itself as an Internet website where participants can anonymously disclose and comment on documents and other materials of public interest. According to the site, its primary interest is in "exposing oppressive regimes in Asia, the former Soviet bloc, Sub-Saharan Africa and the Middle East, but [they] also expect to be of assistance to people of all regions who wish to reveal unethical behavior in their governments and corporations."

4. In addition to Defendants "Wikileaks" and "Wikileaks.org," Plaintiffs' Complaint also named Dynadot, LLC ("Dynadot") as a Defendant to the declaratory and injunctive relief causes of action. Dynadot is one of several Internet domain name registrars that are accredited by the Internet Corporation for Assigned Names and Numbers, a non-profit corporation originally chartered by the U.S. Department of Commerce to oversee a number of Internet-related tasks, including the registration of domain names. The "wikileaks.org" domain name is registered by Dynadot.

5. At the same time or shortly after they filed their Complaint, Plaintiffs sought injunctive relief. On February 15, 2008, this Court granted a permanent injunction on stipulation between Plaintiffs and Dynadot ("Permanent Injunction"). The injunction requires the latter to, among other things, immediately (a) "disable the wikileaks.org domain name"; (b) "clear and remove all DNS hosting records for the wikileaks.org domain name and prevent the domain name from resolving to the wikileaks.org website or any other website or server other than a blank park page" and (c) "lock

the wikileaks.org domain name to prevent transfer of the domain name to a different domain registrar." The Permanent Injunction has the effect of blocking access by anyone in the United States (and the world) to the Wikileaks site through the wikileaks.org domain name. As a result, it impedes access to the entire Wikileaks site, not just the documents that Plaintiffs claim are at issue in this litigation.

6. Movants are organizations and individuals who allege that they have used the domain name "wikileaks.org" to receive information from the Wikileaks site other than the documents at issue in this case. However, they are presently unable to do so because of the Permanent Injunction. Movants contend that the injunction therefore violates their First Amendment rights to access information. Accordingly, on February 26, 2008, they filed a motion to intervene in this action to enable them to move to dissolve the Permanent Injunction and protect their First Amendment rights.

7. Without an order shortening time, Movants will be unable to secure a hearing on their motion to intervene until May 9, 2008. During this time period, the violations of Movants' First Amendment rights will continue unabated as long as the Permanent Injunction remains in effect.

8. Issuance of an order shortening time, as requested in the Stipulated Request filed herewith, is therefore necessary to minimize delay in adjudicating Movants' constitutional claims and minimizing the impairment of their First Amendment rights.

9. The proposed order shortening time would require opposition to Movants' motion to intervene to be filed by Thursday, March 6, at noon, and the reply by Tuesday, March 11, at noon, with the hearing set for Friday, March 14.

10. Evan Speigel, counsel for Plaintiffs, has agreed to and signed the Stipulated Request. Garret Murai, counsel for Dynadot, has authorized me to say that he concurs in its filing.

11. Movants' requested time modification (a) does not delay any preexisting deadlines; (b) will provide a prompt resolution of a motion that bears upon the number and identity of the parties in this case; and (c) expedites the Court's consideration of a matter that Movants argue implicates First Amendment concerns.

12. It appears from my review of the docket in this matter that the Court has heard matters *ex parte* and has permitted expedited service via email, but that the Court has not ordered any other

time modifications.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of February, 2008 in San Francisco, California.

_____
STEVEN L. MAYER

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN