IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK JULIUS BAER & CO. LTD and<br>JULIUS BAER BANK AND TRUST CO.<br>LTD,<br><br>      Plaintiffs,<br><br>  v.<br><br>WIKILEAKS, et al.<br><br>      Defendants.<br>_____/ | No. C 08-00824 JSW<br><br><br><br><br>**QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 29, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only with pin citations and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). All participants will be given the opportunity at oral argument to explain their reliance on such authority.

The Court will permit the following parties to appear as *amicus curiae* for purposes of the hearing on the application for preliminary injunction: Public Citizen, California First Amendment Coalition (collectively "Public Citizen"); Project on Government Oversight, American Civil Liberties Union, Inc., American Civil Liberties Union Foundation, Inc., Electronic Frontier Foundation, Jordan McCorkle (collectively "Project on Government Oversight"; and Reporters Committee for Freedom of the Press, the American Society of Newspaper Editors; the Associated Press, Citizen Media Law Project, The E.W. Scripps Co., Gannett Co., Inc., The Hearst Corporation, the *Los Angeles Times*, National Newspaper Association, Newspaper Association of America, Radio-Television News Directors Association, and the Society for Professional Journalists (collectively "Media Outlets").

The pending motions to intervene will be heard on March 14, 2008 at 9:00 a.m. Opposition papers shall be filed no later than 12:00 noon on Thursday, March 6. Reply papers shall be filed no later than 12:00 noon on Tuesday, March 11, 2008.

Defendant Dynadot, LLC shall appear before the Court for the pending motion for a preliminary injunction.

The parties (and *amici curiae*) shall each have 25 minutes to address the following questions:

1. How do Plaintiffs respond to the holding in *Bartnicki v. Vopper*, 532 U.S. 514, 528-29 (2001), in which the Supreme Court found that "punishing disclosures of lawfully obtained information of public interest by one not involved in the initial illegality" is unacceptable absent a need of the highest order? Isn't Plaintiffs' remedy against Rudolf Elmer, not Wikileaks or Dynadot?

2. Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).
   a. In addition to diversity, Plaintiffs claim this Court maintains jurisdiction because this is "a civil action by an alien for a tort committed in violation of a treaty of the United States." What is the basis of this claim?
   b. Does Dynadot, as a domain name server, qualify as a provider of an "interactive computer service" and is it therefore immune from liability under 47 U.S.C. § 230(c)(2)?
   c. Is there any evidence of an agreement setting out terms of usage between Dynadot and WikiLeaks?

3. There is evidence in the record from correspondence and press generated by WikiLeaks indicating that it is represented by six pro bono counsel as well as Roger Myers from Holme Roberts & Owen LLP. Do any of these attorneys intend to appear or conduct a defense of WikiLeaks? Without WikiLeaks making an appearance, was there any more

2

       narrowly tailored remedy for protecting private information from stolen documents from the website beside locking and disabling the website until such time as the disputed documents were removed or redacted?

4.   Plaintiff contends that "there is no support for the notion that privacy rights are subordinate to those of the press." (Supplemental Brief at 3.) Although many cases find that the extraordinary remedy of a prior restraint may be merited where there are questions of "competing constitutional interests," and "the need to protect individual privacy rights may, in some circumstances, rise to the level of a substantial government interest and defeat First Amendment right of access claims," what authority stands for the proposition that the right to privacy trumps the freedom of access to information in this or a similar context? *See Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996) and *McClatchy Newspapers, Inc. v. District Court*, 288 F.3d 369, 374 (9th Cir. 2002). How do the *amici* respond to the court's holding in *Virgil v. Time, Inc.*, 527 F.2d 1122, 11228 (9th Cir. 1975), in which the Ninth Circuit held that "the public's right to know is, then, subject to reasonable limitation so far as concerns the private facts of its individual members"? Is the private financial information of Plaintiffs' customers privileged as newsworthy

5.   Should the Court grant Plaintiff's application for a preliminary injunction, how do Plaintiffs intend to enforce the Court's order?

6.   Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: February 28, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE